JOURNAL ENTRY AND OPINION
{¶ 1} In State v. Russell, Cuyahoga County Court of Common Pleas Case No. CR-432508, applicant, Robert Russell, was convicted of rape, attempted rape, felonious sexual penetration, gross sexual imposition and kidnapping. This court affirmed that judgment in State v. Russell,
Cuyahoga App. No. 83699, 2004-Ohio-5031. The Supreme Court of Ohio denied applicant's motion for leave to appeal and dismissed the appeal as not involving any substantial constitutional question. State v. Russell,105 Ohio St.3d 1452, 2005-Ohio-763.
 {¶ 2} Russell has filed with the clerk of this court an application for reopening. He asserts that he was denied the effective assistance of appellate counsel because his appellate counsel failed to raise various issues on direct appeal. We deny the application for reopening. As required by App.R. 26(B)(6), the reasons for our denial follow.
 {¶ 3} Russell's request for reopening is barred by res judicata. "The principles of res judicata may be applied to bar the further litigation in a criminal case of issues which were raised previously or could have been raised previously in an appeal. See generally State v. Perry (1967),10 Ohio St.2d 175, 22 N.E.2d 104, paragraph nine of the syllabus. Claims of ineffective assistance of appellate counsel in an application for reopening may be barred by res judicata unless circumstances render the application of the doctrine unjust. State v. Murnahan (1992),63 Ohio St.3d 60, 66, 584 N.E.2d 1204." State v. Williams (Mar. 4, 1991), Cuyahoga App. No. 57988, reopening disallowed (Aug. 15, 1994), Motion No. 52164.
 {¶ 4} Applicant filed a notice of appeal pro se to the Supreme Court of Ohio. As noted above, the Supreme Court denied his motion for leave to appeal and dismissed the appeal. "Since the Supreme Court of Ohio dismissed [applicant's] appeal * * *, the doctrine of res judicata now bars any further review of the claim of ineffective assistance of counsel." State v. Coleman (Feb. 15, 2001), Cuyahoga App. No. 77855, reopening disallowed (Mar. 15, 2002), Motion No. 33547, at 5. In light of the fact that we find that the circumstances of this case do not render the application of res judicata unjust, res judicata bars further consideration of Russell's claim of ineffective assistance of appellate counsel.
 {¶ 5} We also deny the application on the merits. Having reviewed the arguments set forth in the application for reopening in light of the record, we hold that Russell has failed to meet his burden to demonstrate that "there is a genuine issue as to whether the applicant was deprived of the effective assistance of counsel on appeal." App.R. 26(B)(5). InState v. Spivey (1998), 84 Ohio St.3d 24, 1998-Ohio-704, 701 N.E.2d 696, the Supreme Court specified the proof required of an applicant.
"In State v. Reed (1996), 74 Ohio St.3d 534, 535, 660 N.E.2d 456, 458, we held that the two prong analysis found in Strickland v. Washington
(1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674, is the appropriate standard to assess a defense request for reopening under App.R. 26(B)(5). [Applicant] must prove that his counsel were deficient for failing to raise the issues he now presents, as well as showing that had he presented those claims on appeal, there was a `reasonable probability' that he would have been successful. Thus [applicant] bears the burden of establishing that there was a `genuine issue' as to whether he has a `colorable claim' of ineffective assistance of counsel on appeal."
 {¶ 6} Id. at 25. Russell cannot satisfy either prong of theStrickland test. We must, therefore, deny the application on the merits.
 {¶ 7} In his application to reopen, Russell proposes nine assignments of error. In his first assignment of error, he argues that the trial court erred as a matter of law in denying the motion to dismiss the indictment based upon the expiration of the statute of limitations. A review of the record indicates that the General Assembly amended the statute of limitations from six years to twenty years for the offenses charged in the indictment. In denying the motion to dismiss, the trial court found it significant that the statute of limitations was extended prior to the expiration of the original six year statute of limitations. After reviewing the record, we do not find that the trial court erred by denying the motion to dismiss.
 {¶ 8} In his second proposed assignment of error, Russell argues that his right to a fair trial and due process of law were violated by the repeated instances of prosecutorial misconduct. In support of his argument, Russell states that the prosecutor repeatedly argued facts not in evidence; unfairly attacked Russell's character; and referred to the defense as a "sales job."
 {¶ 9} The test for prosecutorial misconduct is whether the remarks were improper and, if so, whether they prejudicially affected the substantial rights of the accused. State v. Smith (1984), 14 Ohio St.3d 13,470 N.E.2d 883. Assuming arguendo that the remarks were improper, we find that Russell failed to demonstrate how he was prejudiced.
 {¶ 10} Russell proposes in his third assignment of error that the trial court abused its discretion in refusing to grant the motion to dismiss the indictment for lack of specificity where the lack of specificity prevented the preparation of an adequate defense. An abuse of discretion means more than an error of law or an error of judgment. It means an action that is arbitrary, unreasonable, unconscionable, or clearly against reason and evidence. It has also been defined as a "view or action that no conscientious judge, acting intelligently, could have honestly taken." State ex rel. Wilms v. Blake (1945), 144 Ohio St. 619, 624, 60 N.E.2d 308, citing Long v. George (1936), 296 Mass. 574, 579,7 N.E.2d 149; Gentry; State ex rel. Great Lakes College, Inc. v. StateMedical Board (1972), 29 Ohio St.2d 198, 280 N.E.2d 900; State ex rel.Alben v. State Employment Relations Board, 76 Ohio St.3d 133,1996-Ohio-120, 666 N.E.2d 1119; and State ex rel. Bryant v. Kent CitySchool District Board of Education (1991), 71 Ohio App.3d 748,595 N.E.2d 405.
 {¶ 11} Although precise times and dates are not essential elements of an offense, when an accused requests a bill of particulars stating a more specific time when an alleged offense occurred, the trial court must determine whether the State possesses more specific information about the date and time of the offense; and whether that information is material to the accused's ability to present a defense. State v. Sellards (1985),17 Ohio St.3d 169, 478 N.E.2d 781.
 {¶ 12} In this matter, Russell has failed to demonstrate that the State of Ohio possessed the more specific information, or that his lack of a more specific date prejudiced his defense. Accordingly, we cannot find that the trial court abused its discretion by denying the motion.
 {¶ 13} In his next assignment of error, Russell argues that he was "denied a fair trial and due process of law by the admission of a prior consistent statement by the hearsay testimony of a surprise witness designed to bolster the impeached claims of the accuser, without the necessary ingredient of a claim of recent fabrication as an exception to the preclusionary rule under Evid.R. 801(D)(1)(b)." However, after reviewing this assignment of error, we find that Russell failed to establish how he was prejudiced by this alleged error.
 {¶ 14} In his fifth assignment of error, Russell argues that the trial court erred by imposing fines without first conducting an inquiry into his ability to pay. R.C. 2929.19(B)(6) provides: "Before imposing a financial sanction under section 2929.18 of the Revised Code or a fine under section 2929.32 of the Revised Code, the court shall consider the offender's present and future ability to pay the amount of the sanction or fine." Nevertheless, even if Russell had been able to demonstrate that he was unable to pay the fine, the trial court retained the authority to impose the fine.
"Assuming arguendo that appellant is not precluded from raising this issue on appeal, it still lacks merit. Ohio law does not prohibit a court from imposing a fine on an indigent defendant. A review of the current sentencing statutes demonstrates that except for violations "of any provisions of Chapter 2925. [drug offenses], 3719. [controlled substances], or 4729. [pharmacists] of the Revised Code," a sentencing court is no longer barred by statute from imposing a fine upon an indigent person. See R.C. 2929.18(B)(1); n1 State v. Gipson (1988),80 Ohio St.3d 626, 1998 Ohio 659, 687 N.E.2d 750."
 {¶ 15} State v. Roark, Cuyahoga App. No. 84992, 2005-Ohio-1980, at ¶ 14. Russell's ability or inability to pay the fines, therefore, would not have affected the trial court's authority to impose the fines. Because Russell cannot demonstrate prejudice, his fifth assignment of error is not well-taken.
 {¶ 16} In his sixth assignment of error (misnumbered as "Proposed Assignment of Error No. IV"), Russell contends that the trial court erred by "failing to conduct a voir dire before imposing consecutive sentences for allied offenses of similar import * * *." Application, at 8. Initially, we note that the trial court imposed concurrent sentences not consecutive as contended by Russell. Furthermore, on direct appeal, this court observed: "The record reflects appellant, however, never raised the issue of merger of offenses in the trial court. Consequently, he has waived the issue for the purpose of appeal." State v. Russell, Cuyahoga App. No. 83699, 2004-Ohio-5031, at ¶ 49 (citations deleted). Obviously, Russell was not prejudiced by the absence of this assignment of error.
 {¶ 17} In his seventh assignment of error (misnumbered as "Proposed Assignment of Error No. V"), Russell argues that the limiting instruction given by the trial court regarding "other acts" testimony was erroneous. Russell contends that the trial court's instruction was flawed because the instruction did not state that "the evidence could not be used by the jury to infer guilt of any of the offenses before it * * *." Application, at 9. The trial court did, however, instruct the jury:
"If you find the evidence of other acts is true and that the Defendant committed them, you may consider that evidence only for the purpose of deciding whether it demonstrates the Defendant's pattern of conduct. The evidence cannot be considered for any other purpose."
Tr. at 500.
 {¶ 18} On direct appeal, appellate counsel did argue that the admission of other acts evidence was error. This court observed: "R.C.2945.59 and the second sentence of Evid.R. 404(B) allow evidence of other criminal behavior of the defendant so long as the evidence is used for a strictly limited purpose." State v. Russell, Cuyahoga App. No. 83699,2004-Ohio-5031, at ¶ 35. Clearly, the trial court limited the use of the other acts evidence. Additionally, Russell has not provided this court with any authority requiring a trial court to instruct the jury expressly that they may not infer guilt. Russell's seventh assignment of error is not, therefore, well-taken.
 {¶ 19} By separate entry, we have denied Russell's motion for leave to supplement the application. We also observe that his proposed eighth and ninth assignments of error fail on the merits.
 {¶ 20} In his eighth assignment of error (misnumbered as "Additional Assignment of Error No. IX"), Russell contends that the trial court erred by classifying him as a sexual predator. He argues that the evidence presented was not sufficient to meet the standard of clear and convincing evidence. In this case, the victim was Russell's young step-daughter. On direct appeal, this court noted that the witnesses included Russell's own daughters who testified that he had abused them when they were children.
"The state proved appellant chose female victims of a filial position to him who were under the age of twelve. Appellant began touching his victims in a progressively sexual manner. When he became sure he could do so, he then sexually gratified himself, also in a progressive manner."
 {¶ 21} State v. Russell, Cuyahoga App. No. 83699, 2004-Ohio-5031, at ¶ 37. Russell merely makes conclusory statements that the evidence was not credible and insufficient. He has not, however, demonstrated that his appellate counsel was deficient by not raising this assignment of error or that he was prejudiced by the absence of this assignment of error from his direct appeal.
 {¶ 22} In his ninth assignment of error (misnumbered as "Additional Assignment of Error No. X"), Russell argues that the trial court abused its discretion by limiting the cross-examination of the victim (who was 26 years old at the time of her testimony) regarding the custody of her child after her divorce. "The admission or exclusion of relevant evidence rests within the sound discretion of the trial court." State v. Sage
(1987), 31 Ohio St.3d 173, 510 N.E.2d 343, paragraph two of the syllabus.
"The applicable standard of review for questions regarding theadmission of evidence is an abuse of discretion. State v. Soke(1995), 105 Ohio App. 3d 226, 249, 663 N.E.2d 986. An abuse ofdiscretion `connotes more than an error of law or judgment; it impliesthat the court's attitude is unreasonable, arbitrary or unconscionable.'State v. Adams (1980), 62 Ohio St. 2d 151, 157, 404 N.E.2d 144."
 {¶ 23} Dicapo v. Ahmed (June 4, 1998), Cuyahoga App. No. 72506, at 15. Although Russell asserts that the trial court abused its discretion by limiting cross-examination of the victim regarding the custody of her child, he does not provide any controlling authority or persuasive argument requiring the conclusion that his appellate counsel was deficient or that he was prejudiced by the absence of this assignment of error. His final assignment of error is not well-taken.
 {¶ 24} As a consequence, applicant has not met the standard for reopening. Accordingly, the application for reopening is denied.
Sweeney, J., concurs Kilbane, J., concurs.