JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} Defendant-appellant, Robert Piert, appeals the decision of the lower court. Having reviewed the arguments of the parties and the pertinent law, we hereby affirm the lower court.
 I {¶ 2} This appeal involves the sexual molestation and rape of a daughter by her father over a period of many years. On August 18, 2006, appellant was indicted by the Grand Jury in Case No. CR-485116 on the following charges: counts 1 through 20 of the indictment charged appellant with the rape of Jane Doe, d.o.b. 5-2-1976 ("victim 1"); count 21 charged appellant with gross sexual imposition of Jane Doe, d.o.b. 1-29-1974 ("victim 2"); count 22 of the indictment charged appellant with attempted rape of victim 2; count 23 of the indictment charged appellant with gross sexual imposition of victim 2; and counts 24 through 84 charged appellant with the rape of victim 2. A number of the rape counts alleged that both of the victims were under the age of 13 at the time a number of the offenses were committed and that the appellant used force in committing these offenses.
 {¶ 3} At his arraignment on September 1, 2006, appellant pled not guilty to all of the charges. Prior to the commencement of the jury trial on March 19, 2007, the court granted the appellant's motion to dismiss counts 21 through 84, for the reason the statute of limitations had run, and barred the state from prosecuting appellant for *Page 4 
the alleged crimes he committed upon his daughter, victim 2. After the court's ruling on appellant's motion, only counts one through 20 remained.
 {¶ 4} Prior to the commencement of the jury trial, the court also held a hearing on the state's motion to admit other acts evidence pursuant to Evid.R. 404(B) and R.C. 2945.59. The other act evidence that the state intended to introduce was the testimony of victim 2, the appellant's biological daughter, to show appellant's pattern of conduct. The state argued that the testimony of victim 2 would include evidence that appellant sexually abused victim 2 while she was under the age of ten years old through the time that she became a teenager, just as he did to victim 1. The state also argued that the testimony of victim 2 would establish the element of force in the charge of rape. The court granted the state's motion to introduce the other acts evidence through the testimony of victim 2. At such time, the court also indicated that it would give a cautionary instruction to the jury prior to victim 2's testimony.
 {¶ 5} On March 22, 2007, the jury returned a verdict of guilty as to counts one through 20. On April 24, 2007, the court sentenced appellant to a life sentence on counts one through 12, rape, in violation of R.C.2907.02(A)(2). Appellant also received a consecutive term of imprisonment of 15 to 25 years on counts 13 through 20, also rape, in violation of R.C. 2907.02(A)(2). This appeal follows. It is alleged that appellant sexually molested two of his biological daughters, victim 1 and victim 2, from the time they were under ten years old until the time they became *Page 5 
teenagers. These acts are said to have taken place at various times beginning sometime in 1983 and continuing until sometime in 1993. Appellant made victim 1 engage in oral sex, vaginal sex, and rectal sex. Appellant forced victim 1 to perform oral sex on him and he performed it on her. Appellant told his daughter to be quiet and not to tell anyone, and that is what she did.[1]
 II {¶ 6} Appellant's assignment of error provides the following: "The trial court erred in admitting the testimony of [victim 2] concerning other acts."
 III {¶ 7} As a general rule, evidence which tends to show that the accused has committed other crimes or acts independent of the crime for which he stands trial is not admissible to show that the defendant acted in conformity with his bad character. However, Evid.R. 404(B) states that other acts testimony may be admissible for purposes such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. Evidence of other acts may also be admissible to establish an element of the crime. State v. Ervin, Cuyahoga App. No. 80473, 2002-Ohio-4093.
 {¶ 8} Evidence regarding prior acts of molestation upon other individuals or family members, even if not included in the indictment, has been permitted in *Page 6 
numerous Ohio jurisdictions, including this one. In State v. Cornell(Nov. 27, 1991), Cuyahoga App. No. 59365, testimony of other acts was material in establishing defendant's pattern of conduct, specifically his attraction to boys under the age of 16. In State v. Love (June 4, 1997), Hamilton App. No. 960498, evidence of other acts was material in demonstrating defendant's pattern of becoming involved with single mothers with prepubescent daughters so that he had sexual access to the daughters while the mothers were unavailable to protect them. InState v. Wright (June 20, 1985), Franklin App. No. 85 AP-79, testimony of other acts was admissible to show absence of mistake (e.g. accidental touching) where the defendant claimed that the victim merely sat in his lap. In State v. James (Aug. 24, 1995), Hardin App. No. 6-94-18, evidence of the defendant's past sexual activity with his daughter was admissible to help prove the element of force in a subsequent rape trial. See, also, State v. Colvin (Aug. 16, 1989), Hamilton App. No. C-880430 (evidence of other acts of sexual abuse and violence directed toward his stepdaughter and other family members was admissible at trial because it was relevant and material to prove an element of force).
 {¶ 9} In cases involving children "coercion is inherent in the parent-child relationship and under these special circumstances force need not be overt and physically brutal, but can be subtle and psychological." State v. Eskridge (1988), 38 Ohio St.3d 56, 58-59. *Page 7 
 {¶ 10} Evid.R. 404(B) governs the admissibility of "other acts" evidence and reads as follows:
 {¶ 11} "(B) Other crimes, wrongs or acts.
 Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident."
 {¶ 12} Evid.R. 404(B) works in conjunction with R.C. 2945.59, which provides the following:
 "§ 2945.59. Proof of defendant's motive
 In any criminal case in which the defendant's motive or intent, the absence of mistake or accident on his part, or the defendant's scheme, plan, or system in doing an act is material, any acts of the defendant which tend to show his motive or intent, the absence of mistake or accident on his part, or the defendant's scheme, plan, or system in doing the act in question may be proved, whether they are contemporaneous with or prior or subsequent thereto, notwithstanding that such proof may show or tend to show the commission of another crime by the defendant."
 {¶ 13} Accordingly, the evidence is admissible under Evid.R. 404(B) and R.C. 2945.59 to show motive and pattern of behavior on the part of the defendant. Moreover, pursuant to State v. Eskridge (1988),38 Ohio St.3d 56, victim 2's testimony was relevant to establish the element of force.
 {¶ 14} In State v. Russell, Cuyahoga App. 83699, 2005-Ohio-2998, this court held that evidence that the defendant sexually abused his biological daughter was *Page 8 
admissible in a rape prosecution in which the defendant's stepdaughter was the victim to prove the defendant's pattern of conduct. InRussell, the state showed that the defendant chose females of a filial position to him who were under the age of twelve and that the defendant began touching them in a progressively sexually manner. Id.
 {¶ 15} Therefore, the evidence in the case at bar is admissible under Evid.R. 404(B) and R.C. 2945.59 to show motive and pattern of behavior on the part of the appellant. Moreover, pursuant to State v.Eskridge, supra, victim 2's testimony was relevant to establish the element of force.
 {¶ 16} In addition, evidence of appellant's previous sexual advances toward victim 1 over the years was presented to demonstrate appellant's pattern of engaging in sexual intercourse and molesting his daughter while occupying a position of trust and authority. Finally, evidence of other acts helped to establish an element of the charged crime. Specifically, victim 2's testimony concerning appellant's prior sexual abuse helped to demonstrate that appellant purposely compelled the victim to submit by force or threat of force.
 {¶ 17} Accordingly, the trial court did not err by admitting evidence of the prior acts of sexual molestation toward other victims by the appellant.
 {¶ 18} Appellant's sole assignment of error is overruled.
It is ordered that appellee recover from appellant the costs herein taxed.
 The court finds there were reasonable grounds for this appeal. *Page 9 
It is ordered that a special mandate be sent to said court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
CHRISTINE T. McMONAGLE, J., and ANN DYKE, J., CONCUR.
[1] Tr. 284. *Page 1