JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} This is an appeal from a judgment of the Cuyahoga County Common Pleas Court denying appellant David W. Robert's postsentence petition to vacate or set aside judgments of conviction or sentence. For the reasons stated below, we affirm the trial court's denial of his petition.
 {¶ 2} On April 27, 2006, the Cuyahoga County Grand Jury returned a nine-count indictment against appellant in Case No. CR-480193; and on July 21, 2006, the grand jury returned a five-count indictment in Case No. CR-483914.
 {¶ 3} The record reflects that on July 31, 2006, appellant, with his court-appointed counsel present, pleaded guilty to six of the fourteen counts in the two cases and was sentenced on same, as defendant agreed to a package deal of agreed sentence of a total of six years of mandatory time.
 {¶ 4} Appellant in CR-480193, after full advisement of his constitutional rights and penalties, pleaded guilty to the following: trafficking in drugs, in violation of R.C. 2925.03, a felony of the third degree, as charged in count two of the indictment; possession of drugs, in violation of R.C. 2925.11, a felony of the fourth degree, as charged in count five of the indictment; and possession of criminal tools, in violation of R.C. 2923.24, a felony of the fifth degree, as charged in count nine of the indictment. The remaining counts were nolled by the State.
 {¶ 5} On July 31, 2006, the same date he entered his guilty pleas, appellant was sentenced in Case No. CR-480193 to four years on count two, trafficking in *Page 4 
drugs, in violation of R.C. 2925.03; one year on count five, possession of drugs, in violation of R.C. 2925.11; and one year on count nine, possession of criminal tools, in violation of R.C. 2923.24. The sentences imposed were to run consecutive to each other for a total of six years, mandatory time, and, as agreed, to run concurrent with the sentence in Case No. CR-483914.
 {¶ 6} In CR-483914, appellant, after full advisement of his constitutional rights and penalties, pleaded guilty to the following: trafficking of drugs, in violation of R.C. 2925.03, as amended by deletion of a school yard specification, a felony of the third degree; drug possession, in violation of R.C. 2925.11, a felony of the fifth degree, as charged in count four of the indictment; and possession of criminal tools, in violation of R.C. 2923.24, as charged in count five of the indictment. The remaining counts were nolled by the State.
 {¶ 7} The court also sentenced appellant in Case No. CR-483914 to the following: four years on count one, trafficking in drugs; one year on count four, possession of drugs; and one year on count five, possession of criminal tools, with the sentences on these two charges to run concurrent to each other and concurrent with the sentence in Case No. CR-480193.
 {¶ 8} On November 7, 2006, appellant filed a motion to withdraw his guilty plea pursuant to Crim. R. 32.1, listing both case numbers in the caption of the motion. The trial court denied the motions on November 20, 2006. *Page 5 
 {¶ 9} On December 12, 2006, appellant filed a motion for leave to file delayed appeal, listing both case numbers. This court denied the motion and sua sponte dismissed the appeal. State v. Roberts (Jan. 24, 2007), Cuyahoga App. No. 89144. (Appellant filed an appeal from this decision to the Supreme Court of Ohio, on March 14, 2007, which was assigned Case No. 07-421. The Supreme Court of Ohio dismissed the appeal as not involving any substantial constitutional question on July 9, 2007.)
 {¶ 10} On February 21, 2007, appellant filed a petition to vacate or set aside judgment of conviction or sentence pursuant to R.C. 2953.21, listing both case numbers, which is the subject of the instant appeal. On that same date, appellant filed a second motion for delayed appeal from his judgment of conviction, which was denied. This court sua sponte dismissed his appeal. State v. Roberts (Mar. 27, 2007), Cuyahoga App. No. 89453. (On October 15, 2007, appellant filed an appeal from this decision to the Supreme Court of Ohio, which was assigned case No. 07-1888. The Supreme Court of Ohio denied the motion and dismissed the appeal on December 31, 2007.)
 {¶ 11} After a review of the petition and the State's brief in opposition to the petition filed March 14, 2007, the trial court denied the petition on March 21, 2007.
 {¶ 12} On March 27, 2007, appellant filed a motion for preparation of guilty plea transcripts of proceedings at State's expense, listing both trial court cases. The *Page 6 
trial court denied the motion on June 5, 2007, finding that there was no appeal currently pending.
 {¶ 13} The appellant filed a writ of procedendo on April 10, 2007, requesting an order compelling the trial court to render the requisite findings of fact and conclusions of law pertaining to his motion to vacate conviction filed on February 21, 2007. This court found the request for a writ moot, given the trial court issued findings of fact and conclusions of law pertaining to the motion on May 8, 2007, and journalized on May 16, 2007. State v. Roberts, (May 29, 2007), Cuyahoga App. No. 89686.
 {¶ 14} Appellant never filed a direct appeal. The motion for postconviction relief, which is the subject of the instant appeal, was filed five months and twenty-two days after his plea and sentencing. Two delayed appeals have been denied by this court and the Ohio Supreme Court.
 {¶ 15} Appellant now appeals the trial court's denial without hearing of his February 21, 2007, postconviction relief petition arguing that his guilty pleas were not voluntarily, knowingly, and intelligently made. He argues in the instant appeal that his trial counsel failed to conduct any meaningful pretrial investigative discovery, with the result that appellant was totally unaware that certain damaging evidence might have been the appropriate subject for a suppression motion. In support of his assertions, he submitted his own affidavit, captioned affidavit in support of defendant's motion to withdraw his guilty plea pursuant to Crim. R. 32.1, and a *Page 7 
certified copy of the court's appearance docket, and attached them to his petition of February 21, 2007. The trial transcript of the plea and sentencing hearing of July 31, 2007, is not part of the record.
 {¶ 16} Appellant's first assignment of error provides as follows:
 "The trial erred by strictly applying the doctrine of res judicata to defendant-appellant's petition for post-conviction relief, and thus, violated his fourth, sixth and fourteenth amendment rights under the United States Constitution and Article 1, Section 10 of the Ohio Constitution." Journal Entries of March 21, 2007 and May 8, 2007.
 {¶ 17} Appellant's second assignment of error provides as follows:
 "The trial court erred to the prejudice of Defendant-Appellant when it failed to base it's (sic) ruling on facts in the record"
 {¶ 18} Appellant's third assignment of error provides as follows:
 "Appellant was denied effective assistance of counsel in violation of his rights under the Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution, and Article 1, Section 10 of the Ohio State Constitution." Journal Entries of March 21, 2007 and May 8, 2007.
 {¶ 19} Given these assignments of error are similar in facts and law, the court will address them together, as did the parties in their briefs.
 {¶ 20} We recently summarized the standard of review in denial of a petition for postconviction relief under R.C. 2953.21 in State v.Hines, Cuyahoga App. No. 89848, 2008-Ohio-1927.
 "`A postconviction proceeding is not an appeal of a criminal conviction, but, rather, a collateral civil attack on the judgment.' State v. Steffen (1994), 70 Ohio St.3d 399, 410, 1994 Ohio 11. In *Page 8 postconviction cases, a trial court acts as a gatekeeper, determining whether a defendant will even receive a hearing. State v. Gondor, 112 Ohio St.3d 377, 2006-Ohio-6679. In State v. Calhoun, 86 Ohio St.3d 279, 1999-Ohio-102, the Ohio Supreme Court held that the trial court's gatekeeping function in the postconviction relief process is entitled to deference, including the court's decision regarding the sufficiency of the facts set forth by the petitioner and the credibility of the affidavits submitted. Accordingly, we review appellant's postconviction claims brought pursuant to R.C. 2953.21 under an abuse-of-discretion standard. Id. An abuse of discretion is more than a mere error in judgment, it implies that a court's ruling is unreasonable, arbitrary, or unconscionable. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219." Hines at 18.
 {¶ 21} Further, this court stated the following in State v. Thomas, Cuyahoga App. No. 87666,2006-Ohio-6588:
 "Significantly, the Ohio Supreme Court has held that proper basis for dismissing a petition for postconviction relief without holding an evidentiary hearing include: 1) the failure of the petitioner to set forth sufficient operative facts to establish substantive grounds for relief, and 2) the operation of res judicata to bar the constitutional claims raised in the petition. Calhoun, 86 Ohio St.3d at paragraph two of the syllabus; State v. Lentz (1994), 70 Ohio St.3d 527, 530, 1994-Ohio-532, 639 N.E.2d 784. In determining whether a hearing is required, the Ohio Supreme Court in State v. Jackson (1980), 64 Ohio St.2d 107, 413 N.E.2d 819, stated the pivotal concern is whether there are substantive grounds for relief which would warrant a hearing based upon the petition, the supporting affidavits, and the files and records of the case."
 {¶ 22} With regard to the first and third assignments of error, we find, after a review of the record and the arguments, that appellant's ineffective assistance of counsel claim was not raised on a direct appeal and is now barred by res judicata. *Page 9 State v. Wangul, Cuyahoga App. No 84698, 2005-Ohio-1175, citingState v. Brown, Cuyahoga App. No 84322, 2004-Ohio-6421, State v.Rodriguez, Cuyahoga App. No 84161, 2004-Ohio-6010.
 {¶ 23} As to the second assignment of error, as stated by the Supreme Court in Calhoun, "A trial court need not discuss every issue raised by appellant or engage in an elaborate and lengthy discussion in its findings of fact and conclusions of law. The findings need only be sufficiently comprehensive and pertinent to the issue to form a basis upon which the evidence supports the conclusion." Calhoun at 291-292. Upon a review of the record before us, we find the trial court's findings of fact and conclusions in the case sub judice meet this standard.
 {¶ 24} The three assignments of error herein are overruled, and the judgment of the trial court affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
PATRICIA A. BLACKMON, J., and *Page 10 
ANN DYKE, J., CONCUR *Page 1