{¶ 1} Appellant, Robert Piert, appeals from a judgment of the Cuyahoga County Common Pleas Court denying his postconviction petition to vacate or set aside judgments of conviction or sentence. For the reasons stated below, we affirm the trial court's denial of his petition.
 {¶ 2} On August 18, 2006, the Cuyahoga County Grand Jury returned an 85 count indictment against appellant in Case No. CR-485116, in which it was alleged that appellant sexually molested two of his biological daughters, Jane Doe, d.o.b. 5-2-1976 ("victim 1") and Jane Doe, d.o.b. 1-29-1974 ("victim 2") from the time they were under 10 years of age until the time they became teenagers.
 {¶ 3} Counts 1 through 20 of the indictment charged appellant with the rapes of victim 1; count 21 charged appellant with gross sexual imposition of victim 2; count 22 of the indictment charged appellant with attempted rape of victim 2, count 23 of the indictment charged appellant with gross sexual imposition of victim 2; and counts 24 through 85 alleged that both of the victims were under the age of 13 at the time a number of the offenses were committed and that the appellant used force in committing these offenses.
 {¶ 4} At his arraignment on September 1, 2006, appellant was declared indigent, appointed counsel, and entered pleas of not guilty to the charges. Prior to the commencement of the jury trial on March 19, 2007, the court granted *Page 4 
appellant's motion to dismiss counts 21 through 85 on the ground that the statute of limitations had run as to the charges contained in those counts.
 {¶ 5} Counts 1 through 20 were submitted to a jury upon trial, and on March 22, 2007, the jury returned a verdict of guilty as to all these remaining counts. On April 24, 2007, the trial court sentenced appellant to a life sentence on counts 1 through 12, rape, in violation of R.C. 2907.02(A)(1)(B). Appellant also received a consecutive term of imprisonment of 15 to 25 years on counts 13 through 20, rape, in violation of R.C. 2907.02(A)(2). The court on April 24, 2007, also conducted a hearing and classified him as a sexual predator.
 {¶ 6} On May 2, 2007, appellant filed a notice of appeal challenging his convictions. In State v. Piert (Piert I), Cuyahoga App. No. 89803,2008-Ohio-1828, decided April 17, 2008, journalized April 28, 2008, this court affirmed the convictions. In his initial direct appeal, appellant challenged the trial court's admission of the testimony of victim 2 concerning other acts under Evid. R. 404(B). His sole assignment of error was overruled. On October 6, 2008, the Supreme Court of Ohio denied appellant leave to appeal and dismissed appellant's appeal of this court's decision in Piert I.
 {¶ 7} On January 3, 2008, appellant filed a petition to vacate or set aside judgment of conviction or sentence pursuant to R.C. 2953.21, which is the subject of the instant appeal. The State filed a brief in opposition to appellant's petition to vacate or set aside sentence on January 14, 2008. *Page 5 
 {¶ 8} On January 17, 2008, the trial court issued the following order that was filed the next day. "Defendant's petition to vacate or set aside sentence is denied. Defendant has failed to demonstrate that substantive grounds for relief exist and defendant has failed to demonstrate a denial of his rights as to justify vacation of his sentence." By separate entries of the same date, the trial court also denied appellant's motion for appointment of counsel and motion for expert assistance filed on January 3, 2008, along with his petition.
 {¶ 9} On January 31, 2008, appellant filed a motion for findings of fact and conclusions of law related to the court's ruling denying his petition. The court's findings of fact and conclusions of law were filed on March 11, 2008.
 {¶ 10} On March 28, 2008, appellant filed a notice of appeal in the instant case and attached the court's findings of fact and conclusions of law that concluded with the following statements: "Based on the foregoing Findings of Fact and Conclusions of Law, this court concludes that Piert's Petition to Vacate or Set Aside Sentence is without merit. Piert's Petition to Vacate or Set Aside Sentence filed January 3, 2008, must be, and therefore, is dismissed without a hearing. R.C. 2953.21(C)."
 {¶ 11} Appellant now appeals the trial court's denial of his postconviction relief petition. He argues in the instant appeal that he received ineffective assistance of counsel, based on the following alleged failures of his trial counsel: 1) failure to properly cross-examine one of his daughters, one of the victims, *Page 6 
regarding her purported psychological treatment when she was ten to eleven years of age; 2) failure to investigate a potential alibi witness, his son; 3) failure to acquire expert witnesses to refute the allegations of physical sexual abuse, or an expert psychological doctor to elaborate on the victim's dreams; and 4) failure to share discovery with him, communicate with him, and investigate the charges. These arguments were raised in his petition. In support of these assertions, he submitted to the trial court his own affidavit in support of his petition. Neither the trial transcript nor the sentencing hearing are part of the record.
 {¶ 12} Arguments raised in Piert's appellate brief as instances of ineffective assistance of counsel and which were not set forth in his petition will not be addressed because they were not presented to the trial court. An affidavit of appellant's son, which was attached to Piert's appellate brief in support of his argument that his trial counsel failed to investigate his son as a potential alibi witness, will likewise not be addressed herein because the affidavit was not before the trial court.
 {¶ 13} Appellant appeals, raising two assignments of error for our review.
 {¶ 14} ASSIGNMENT OF ERROR NO. I
 "THE TRIAL COURT ERRED AND ABUSED IT'S [SIC] DISCRETION BY NOT GRANTING THE DEFENDANT-APPELLANT'S PETITION FOR POST CONVICTION RELIEF, WHEN THE DEFENDANT-APPELLANT DEMONSTRATED INEFFECTIVE ASSISTANCE OF *Page 7 COUNSEL AND SUBMITTED SUFFICIENT EVIDENCE OF OPERATIVE FACTS TO BACK HIS CLAIMS, ASSIGNMENTS OF ERROR, THUS VIOLATING THE DEFENDANT-APPELLANT'S SIXTH AND FOURTEENTH AMENDMENT RIGHTS UNDER THE U.S. AND OHIO CONSTITUTIONS."
 {¶ 15} ASSIGNMENT OF ERROR NO. II
 "THE TRIAL COURT ERRED AND ABUSED IT'S [SIC] DISCRETION BY NOT GRANTING THE DEFENDANT-APPELLANT AN EVIDENTIARY HEARING WHEN THE DEFENDANT-APPELLANT DEMONSTRATED OPERATIVE FACTS THAT REQUIRED THE TRIAL COURT TO EXAMINE WITNESSES, AND TAKE FURTHER EVIDENCE UPON THE MATTERS/CLAIMS ALLOWING THE APPELLANT TO FULLY DEVELOPE [SIC] HIS CLAIMS AS OUTLINED WITHIN THE APPELLANT'S PETITION FOR POST CONVICTION RELIEF, AS THE APPELLANT HAS THE RIGHT TO DEVELOPE [SIC] THE FACTUAL BASIS OF HIS CLAIMS. WHEN THE TRIAL COURT DID NOT ALLOW THE APPELLANT A HEARING IT VIOLATED THE APPELLANT'S RIGHT TO EQUAL PROTECTION-DUE PROCESS-FAIR TRIAL/HEARING THAT IS GUARANTEED BY THE UNITED STATES CONSTITUTION."
 {¶ 16} Given these assignments of error are similar in facts and law, the court will address them together.
 {¶ 17} With regard to both assignments of error, we find, after a review of the record and the arguments, appellant's ineffective assistance of counsel claims were not raised in the direct appeal inPiert I. We have previously stated that an appellant's ineffective assistance of counsel claim not raised on direct appeal is barred by operation of res judicata. See State v. Roberts, Cuyahoga
App. No. 90020, 2008-Ohio-2347, citing inter alia State v.Wangul, Cuyahoga *Page 8 
App. No. 84698, 2005-Ohio-1175 and State v. Rodriguez, Cuyahoga App. No. 84161, 2004-Ohio-6010.
 {¶ 18} Moreover, applying the standards summarized in Roberts fromState v. Hines, Cuyahoga App. No. 89848, 2008-Ohio-1927, regarding the abuse-of-discretion standard, and State v. Thomas, Cuyahoga App. No. 87666, 2006-Ohio-6588, regarding the standard in determining whether an evidentiary hearing is required, we find that the trial court did not abuse its discretion in denying appellant's petition without hearing.
 {¶ 19} Appellant failed to provide any evidence outside the record to support his claims of ineffective assistance of counsel. His self-serving affidavit was ineffective in attempting to do so. The trial court properly determined that appellant failed to submit sufficient operative facts or evidentiary documents that demonstrate that he was prejudiced by counsel's alleged ineffective assistance, or that the result would have been any different. Given this failure, the trial court did not err in failing to hold a hearing on his petition.
 {¶ 20} Lastly, as stated by the Supreme Court of Ohio in State v.Calhoun, 86 Ohio St.3d 279, 1999-Ohio-102: "A trial court need not discuss every issue raised by appellant or engage in an elaborate and lengthy discussion in its findings of fact and conclusions of law. The findings need only be sufficiently comprehensive and pertinent to the issue to form a basis upon which the evidence supports the conclusion." Id. at 291-292. After reviewing the record *Page 9 
before us, we find the trial court's findings of fact and conclusions of law in the instant case to be more than sufficient in meeting this standard.
 {¶ 21} For the foregoing reasons, appellant's two assignments of error are overruled.
 {¶ 22} The judgment of the trial court in denying appellant's postconviction relief petition is affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 COLLEEN CONWAY COONEY, A.J., and CHRISTINE T. MCMONAGLE, J., CONCUR *Page 1