[Cite as *State v. Pruitt*, 2011-Ohio-4948.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-100587 |
| | | TRIAL NO. B-0901851 |
| Plaintiff-Appellee, | : | |
| | | *O P I N I O N.* |
| vs. | : | |
| KENNETH PRUITT, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal From:  Hamilton County Common Pleas Court

Judgment Appealed From Is:  Affirmed in part and reversed in part, and cause remanded.

Date of Judgment Entry on Appeal:  September 30, 2011

*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *James Michael Keeling*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Michaela Stagnaro*, for Defendant-Appellant.

Please note:  This case has been removed from the accelerated calendar.

**DINKELACKER, Presiding Judge.**

{¶1} In three assignments of error, defendant-appellant Kenneth Pruitt challenges his convictions and sentences for numerous counts of drug possession and trafficking.

{¶2} Pruitt was indicted on seven counts for conduct that occurred on March 18, 2009. The first, third, and sixth counts alleged possession of cocaine in violation of R.C. 2925.11(A). The second count alleged trafficking in cocaine in violation of R.C. 2925.03(A)(1). The fourth and fifth counts alleged trafficking in cocaine in violation of R.C. 2925.03(A)(2). The seventh count alleged that Pruitt had possessed a weapon while under a disability. After a complete hearing held in accordance with Crim.R. 11, Hayden entered pleas of guilty to all counts. Prior to sentencing, he filed a motion to withdraw his pleas, claiming that he had been promised a lenient sentence, and presenting affidavits from friends that attested to his innocence. The trial court conducted a full hearing and denied his motion. Pruitt now appeals.

### Motion to Withdraw Pleas

{¶3} In his first assignment of error, Pruitt claims that the trial court abused its discretion when it denied his motion to withdraw his guilty pleas. But the trial court conducted a complete hearing on the matter, considering all the factors outlined in *State v. Xie* (1992), 62 Ohio St.3d 521, 584 N.E.2d 715, and concluded that it would not be appropriate to allow Pruitt to withdraw the plea. The record supports the trial court's determination. We hold that the trial court did not abuse its discretion in denying Pruitt's motion to withdraw his plea. Pruitt's first assignment of error is overruled.

## Allied Offenses

{¶4}    In his second assignment of error, Pruitt claims that he was improperly convicted of trafficking and possession charges where they were allied offenses of similar import and, as such, should have been merged at sentencing.  We agree.  *See State v. Johnson*, 128 Ohio St.3d 153, 2010-Ohio-6314, 942 N.E.2d 1061.  Pruitt was sentenced to five years in prison on each count, with the terms to be served concurrently.  Pruitt was charged in counts one and two for possessing and trafficking in cocaine involved in a "controlled buy" with law enforcement.  Counts three and four involved the possession and trafficking of crack cocaine found in his residence.  And counts five and six involved the possession and trafficking of "cocaine that was not crack cocaine," also found in his residence.  Imposing sentences for each of the six counts, even concurrent sentences, was improper.

{¶5}    Pruitt's second assignment of error is sustained, and we remand this case to the trial court to allow the state to elect between counts one and two, counts three and four, and counts five and six.  See *State v. Whitfield*, 124 Ohio St. 3d 319, 2010-Ohio-2, 922 N.E.2d 182.  The trial court should then sentence Pruitt on only those three counts upon which the state has elected to proceed.

## Ineffective Assistance

{¶6}    In his third assignment of error, Pruitt claims that he was afforded ineffective assistance of counsel when his trial attorney did not object to his being sentenced separately for allied offenses.  In light of our disposition of his second assignment of error, this argument is moot.

**Conclusion**

{¶7}     The judgment of the trial court is affirmed in part and reversed in part, and this cause is remanded for proceedings consistent with our disposition of the second assignment of error.

Judgment affirmed in part and reversed in part, and cause remanded.

**CUNNINGHAM** and **FISCHER, JJ.,** concur.

Please Note:
The court has recorded its own entry this date.