PRUITT *v.* COOK, WARDEN.

[Cite as *Pruitt v. Cook,* 137 Ohio St.3d 296, 2013-Ohio-4734.]

*Habeas corpus—Res judicata and prior opportunity for appeal preclude relief—Cause dismissed.*

(No. 2013-0341—Submitted October 22, 2013—Decided October 30, 2013.)

IN HABEAS CORPUS.

_____

**Per Curiam.**

{¶ 1} Kenneth Pruitt asserts that he is being unlawfully detained because the Ohio Department of Rehabilitation and Correction and Warden Brian Cook are ignoring the jail-time credit awarded him by the trial court in his criminal case on February 17, 2011. However, the February 17 entry was in error and corrected by another entry on February 18, 2011.

{¶ 2} Pruitt could have, but did not, appeal the second entry. He therefore had an adequate remedy in the ordinary course of law, precluding a writ of habeas corpus. He has filed a previous habeas action, precluding a second petition. And on the merits, he relies on a statute that does not apply to reducing his period of confinement. We therefore dismiss the cause.

*Facts*

{¶ 3} On July 28, 2010, Pruitt pled guilty to various drug and weapons offenses and was sentenced to five years in prison. He filed a motion for credit for time served on August 11, 2010, in which he stated that his credit should total approximately 1,500 days. The trial court awarded him 11 days of credit. On September 22, 2010, the trial court resentenced Pruitt to properly notify him of postrelease control. In December, Pruitt filed a motion to clarify the entry granting the motion for jail-time credit, asking for 1,511 days of credit. The trial

court issued an order on February 17, 2011, granting 1,530 days of jail-time credit. However, the next day the court issued a corrected entry stating that the February 17 entry had been inadvertent and set it aside. The court then granted Pruitt 553 days of jail-time credit as of the September 22, 2010 resentencing.

{¶ 4} On September 30, 2011, the First District Court of Appeals affirmed Pruitt's convictions but remanded because the possession and trafficking charges were allied offenses and should have been merged at sentencing. *State v. Pruitt*, 1st Dist. Hamilton No. C-100587, 2011-Ohio-4948. On remand, the trial court dismissed some of the charges and resentenced him to concurrent five-year sentences for the remaining offenses and granted him 964 days of jail-time credit as of that date, November 7, 2011.

{¶ 5} Pruitt filed a petition for a writ of mandamus in this court, challenging the February 18, 2011 entry—claiming that it was forged—on March 7, 2012. We dismissed it on May 9, 2012. *Pruitt v. Ohio Dept. of Rehab. & Corr.*, 131 Ohio St.3d 1536, 2012-Ohio-2025, 966 N.E.2d 891.

{¶ 6} On June 5, 2012, Pruitt filed a petition for a writ of habeas corpus in the Pickaway County Court of Common Pleas, arguing that he was entitled to 1,530 days of jail-time credit. Pruitt argued that the February 18, 2011 entry was without legal effect and that he should have been released on May 23, 2011. The court granted the warden's motion to dismiss, finding that Pruitt had had an adequate remedy by appeal and that he had not attached current commitment papers. The Fourth District Court of Appeals dismissed the appeal. *Pruitt v. Cook*, 4th Dist. Pickaway No. 12CA22 (Dec. 21, 2012).

{¶ 7} Meanwhile, the First District Court of Appeals reversed the trial court in Pruitt's direct appeal and remanded to correct the sentencing entry to properly notify Pruitt of postrelease-control obligations and to reflect that he was serving a five-year sentence for having weapons under a disability. *State v. Pruitt*, 1st Dist. Hamilton No. C-110768 (Aug. 3, 2012). On October 4, 2012, the

trial court issued a new entry notifying him of postrelease-control obligations and properly reflecting his sentence for having weapons under a disability. He was once again given 964 days of credit for all additional time served as of November 7, 2011. Pruitt did not appeal that entry. Pruitt had also filed motions to correct his jail-time credit with the trial court, requesting that the original 1,530 days be restored. The trial court denied the motions, and the First District affirmed. *State v. Pruitt*, 1st Dist. Hamilton No. C-120092 (Aug. 29, 2012).

{¶ 8} Pruitt filed this petition for a writ of habeas corpus, again arguing that he is entitled to the jail-time credit awarded him in the February 17, 2011 entry, not that awarded in the February 18, 2011 entry. He argues that the February 17 entry was a final, appealable order not appealed by either side and that he should have been released on May 23, 2011. The court issued the writ and ordered a return. 135 Ohio St.3d 1411, 2013-Ohio-1622, 986 N.E.2d 28.

*Analysis*

{¶ 9} For the following reasons, the court dismisses the action. First, habeas is not a substitute for appeal or other remedy in the ordinary course of law such as postconviction relief. *State ex rel. Jackson v. McFaul*, 73 Ohio St.3d 185, 186, 652 N.E.2d 746 (1995). Pruitt could have appealed the February 18, 2011 entry, which set aside the February 17, 2011 entry. Indeed, he made the two entries the subject of numerous proceedings, including at least one mandamus action and one motion and appeal. Because he had alternate remedies, this habeas action is properly dismissed. *State ex rel. Massie v. Rogers*, 77 Ohio St.3d 449, 450, 674 N.E.2d 1383 (1997), citing *Thomas v. Collins*, 74 Ohio St.3d 413, 413-414, 659 N.E.2d 790 (1996).

{¶ 10} Second, res judicata precludes Pruitt from filing successive habeas petitions. *Cool v. Turner*, 135 Ohio St.3d 185, 2013-Ohio-85, 985 N.E.2d 462, ¶ 1, citing *State ex rel. Harsh v. Sheets*, 132 Ohio St.3d 198, 2012-Ohio-2368, 970 N.E.2d 926, ¶ 1. Because he has filed one previous habeas action raising the

same claims, on June 5, 2012, in the Pickaway County Court of Common Pleas, he is precluded from bringing a second one here.

**{¶ 11}** Third, Pruitt's claim is clearly invalid on the merits. He based the original request for 1,500 days of jail-time credit on a statute that does not apply to his situation. R.C. 2945.71(E) requires that each day an accused is held in jail in lieu of bail pending trial be counted as three days for purposes of calculating when the accused should be brought to trial, not for purposes of reducing an eventual prison term.

*Conclusion*

**{¶ 12}** For the foregoing reasons, we dismiss the cause.

Cause dismissed.

O'CONNOR, C.J., and PFEIFER, O'DONNELL, KENNEDY, FRENCH, and O'NEILL, JJ., concur.

LANZINGER, J., concurs in judgment only.

_____

Kenneth Pruitt, pro se.

Michael DeWine, Attorney General, and Jerri L. Fosnaught, Assistant Attorney General, for respondent.

_____