Aaron E. Young, pro se.

RUSSELL, APPELLANT, *v.* DUFFEY, WARDEN, APPELLEE.

[Cite as *Russell v. Duffey,* 142 Ohio St.3d 320, 2015-Ohio-1358.]

(No. 2014–1022—Submitted January 13, 2015—Decided April 9, 2015.)

**Per Curiam.**

{¶ 1} We affirm the judgment of the court of appeals dismissing the complaint of appellant, Robert W. Russell, for a writ of habeas corpus.

{¶ 2} Russell filed a complaint for a writ of habeas corpus in the court of appeals against appellee, Sheri Duffey, warden of the Southeastern Correctional Complex ("SCC"). He alleged that his convictions were the result of prosecutorial misconduct and that the court that convicted him for various crimes lacked jurisdiction over him, as the statute of limitations had run when he was tried. The court of appeals dismissed Russell's complaint because Russell had an adequate remedy by way of appeal and because he had failed to comply with R.C. 2969.25(C)(1).

*Facts*

{¶ 3} In October 2003, after a jury trial, Russell was convicted of 16 criminal counts and sentenced to life in prison on the first eight counts and to various definite and indefinite terms on the remaining counts, all to be served concurrently. He was also declared a sexual predator. He filed an appeal of his convictions, and the court of appeals affirmed. *State v. Russell,* 8th Dist. Cuyahoga No. 83699, 2004-Ohio-5031, 2004 WL 2340125. He also filed an application for reopening, which was denied. *State v. Russell,* 8th Dist. Cuyahoga No. 83699, 2005-Ohio-2998, 2005 WL 1406347.

{¶ 4} On April 10, 2014, Russell filed a complaint for a writ of habeas corpus while confined at the SCC. He alleged that his convictions were the result of prosecutorial misconduct and that the court lacked subject-matter jurisdiction because he was indicted in 2003, years after the statute of limitations had allegedly expired in 1996.

{¶ 5} Duffey filed a motion to dismiss, arguing that Russell had not served his maximum term, that he had an adequate remedy at law (presumably by way of appeal), and that some of his arguments were res judicata.

{¶ 6} The court of appeals dismissed the complaint on two grounds. First, it held that Russell's claims regarding the statute of limitations and prosecutorial misconduct could have been or were raised in his direct appeal and in his application for reopening. Second, the court of appeals pointed out that Russell's complaint suffered from a procedural defect in that he did not attach a statement setting forth his inmate account for the previous six months, as required by R.C. 2969.25(C)(1).

{¶ 7} Russell appealed to this court.

*Analysis*

{¶ 8} We affirm for two reasons. First, Russell had alternate remedies at law, which precludes a writ of habeas corpus. *Pruitt v. Cook,* 137 Ohio St.3d 296, 2013-Ohio-4734, 998 N.E.2d 1159, ¶ 9, citing *State ex rel. Jackson v. McFaul,* 73 Ohio St.3d 185, 186, 652 N.E.2d 746 (1995) ("habeas is not a substitute for appeal or other remedy in the ordinary course of law such as postconviction relief").

{¶ 9} Specifically, Russell filed an appeal of his criminal convictions, and the Eighth District affirmed. 2004-Ohio-5031, 2004 WL 2340125. This court declined to accept his appeal from that judgment. *State v. Russell,* 105 Ohio St.3d 1452, 2005-Ohio-763, 823 N.E.2d 457. Russell then filed an application in the court of appeals to reopen his direct appeal, which included claims of prosecutorial misconduct and expiration of the statute of limitations. The application was denied by the court of appeals on the grounds of res judicata and on the merits

regarding his claims of ineffective assistance of appellate counsel. 2005-Ohio-2998, 2005 WL 1406347.

{¶ 10} In other words, Russell had, and used, alternative remedies at law. He cannot get a writ of habeas corpus for claims he raised or could have raised using these remedies.

{¶ 11} Second, Russell failed to attach to his complaint a proper statement setting forth the balance of his inmate account for the preceding six months, as required by R.C. 2969.25(C)(1). " 'The requirements of R.C. 2969.25 are mandatory, and failure to comply with them subjects an inmate's action to dismissal.' " *Boles v. Knab,* 129 Ohio St.3d 222, 2011-Ohio-2859, 951 N.E.2d 389, ¶ 1, quoting *State ex rel. White v. Bechtel,* 99 Ohio St.3d 11, 2003-Ohio-2262, 788 N.E.2d 634, ¶ 5; *State ex rel. McGrath v. McDonnell,* 126 Ohio St.3d 511, 2010-Ohio-4726, 935 N.E.2d 830, ¶ 1.

{¶ 12} Here, Russell attached a statement, but the period covered by the statement ended in October 2013, and his complaint was filed in April 2014. Thus, the statement did not comply with R.C. 2969.25(C)(1), because it was not for the six months preceding this action.

Judgment affirmed.

O'CONNOR, C.J., and PFEIFER, O'DONNELL, LANZINGER, KENNEDY, FRENCH, and O'NEILL, JJ., concur.

––––––––––

Robert W. Russell, pro se.

Michael DeWine, Attorney General, and Thelma Thomas Price, Assistant Attorney General, for appellee.