[Cite as *State ex rel. Al-Zerjawi v. Ross*, 2020-Ohio-255.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

STATE OF OHIO EX REL. SAFAA
AL-ZERJAWI

    Relator

           C.A. No.     29640

    v.

SUSAN BAKER-ROSS, TRIAL
COURT JUDGE-SUMMIT COUNTY
COURT OF COMMON PLEAS

           ORIGINAL ACTION IN
           PROCEDENDO

    Respondent

Dated: January 29, 2020

PER CURIAM.

{¶1} Safaa Al-Zerjawi has filed a petition asking this Court for a writ of procedendo to order Judge Susan Baker Ross to rule on the motion to vacate he filed. Because Mr. Al-Zerjawi has not complied with the mandatory requirements of R.C. 2969.25, this Court must dismiss this case.

{¶2} R.C. 2969.25 sets forth specific filing requirements for inmates who file a civil action against a government employee or entity. Judge Baker Ross is a government employee and Mr. Al-Zerjawi, incarcerated in the Richland Correctional Institution, is an inmate. R.C. 2969.21(C) and (D). A case must be dismissed if the inmate fails to comply with the mandatory requirements of R.C. 2969.25 in the commencement of the action. *State ex rel. Graham v. Findlay Mun. Court*, 106 Ohio St.3d 63, 2005-Ohio-3671, ¶ 6

("The requirements of R.C. 2969.25 are mandatory, and failure to comply with them subjects an inmate's action to dismissal.").

{¶3} Mr. Al-Zerjawi did not pay the cost deposit required by this Court's Local Rules. He also failed to comply with R.C. 2969.25(C), which sets forth specific requirements for an inmate who seeks to proceed without paying the cost deposit. These requirements include that the inmate must file a motion supported by an affidavit of indigency. R.C. 2969.25(C) requires that the motion and affidavit must contain a statement that sets forth the balance in the inmate account of the inmate for each of the preceding six months, as certified by the institutional cashier. The motion must also include a statement that sets forth all other cash and things of value owned by the inmate at that time. Mr. Al-Zerjawi failed to comply with these requirements.

{¶4} Mr. Al-Zerjawi did file a statement of his inmate account that covered a six-month period of time. The statement, dated August 2019, covered the six-month period that ended in August. It did not, however, cover the six-month period immediately prior to the filing of his action in January 2020.

{¶5} The Ohio Supreme Court affirmed the Eighth District's dismissal of a petition for writ of habeas corpus for this reason. *Russell v. Duffey*, 142 Ohio St.3d 320, 2015-Ohio-1358, ¶ 12. The inmate attached a statement that covered six months ending in October 2013, but the complaint was not filed until April 2014. *Id.* "Thus, the statement did not comply with R.C. 2969.25(C)(1), because it was not for the six months preceding this action." *Id.* The Supreme Court held that the inmate's failure to comply

with the mandatory requirements of R.C. 2969.25 subjects the action to dismissal. *Id.* at ¶ 11.

{¶6}    Because Mr. Al-Zerjawi did not comply with the mandatory requirements of R.C. 2969.25, the case is dismissed. Costs taxed to Mr. Al-Zerjawi.

{¶7}    The clerk of courts is hereby directed to serve upon all parties not in default notice of this judgment and its date of entry upon the journal. Civ.R. 58.

 

LYNNE S. CALLAHAN
FOR THE COURT

HENSAL, J.
TEODOSIO, J.
CONCUR.

APPEARANCES:

SAFAA AL-ZERJAWI, Pro se, Petitioner.