[Cite as *Butler v. Black*, 2023-Ohio-4078.]

STATE OF OHIO ) IN THE COURT OF APPEALS
)ss: NINTH JUDICIAL DISTRICT
COUNTY OF LORAIN )

PETER J. BUTLER

    Petitioner

    v.

JENNIFER BLACK, WARDEN

    Respondent

C.A. No.    23CA012029


ORIGINAL ACTION IN
HABEAS CORPUS

Dated: November 13, 2023

PER CURIAM.

{¶1} Petitioner, Peter J. Butler, has filed a petition for writ of habeas corpus seeking an order to Respondent, Warden Jennifer Black, to release him from custody. Because Mr. Butler's petition does not comply with the mandatory requirements of R.C. 2969.25, this Court must dismiss this action.

{¶2} R.C. 2969.25 sets forth specific filing requirements for inmates who file a civil action against a government employee or entity. Warden Black is a government employee and Mr. Butler, incarcerated in the Lorain Correctional Institution, is an inmate. R.C. 2969.21(C) and (D). A case must be dismissed if the inmate fails to comply with the mandatory requirements of R.C. 2969.25 in the commencement of the action. *State ex rel. Graham v. Findlay Mun. Court*, 106 Ohio St.3d 63, 2005-Ohio-3671, ¶ 6 ("The requirements of R.C. 2969.25 are mandatory, and failure to comply with them subjects an inmate's action to dismissal."). Mr. Butler failed to comply with R.C. 2969.25(C).

{¶3} An inmate seeking the waiver of filing fees, as Mr. Butler is here, must file an affidavit of indigency. The affidavit must include, among other things, "[a] statement that sets forth the balance in the inmate account of the inmate for each of the preceding six months, as certified by the institutional cashier[.]" R.C. 2969.25(C)(1). The Ohio Supreme Court has construed these words strictly: an affidavit that "does not include a statement setting forth the balance in [an] inmate account for *each of the preceding six months*" fails to comply with R.C. 2969.25(C)(1). (emphasis *sic*.) *State ex rel. Roden v. Ohio Dept. of Rehab. & Corr.*, 159 Ohio St.3d 314, 2020-Ohio-408, ¶ 6.

{¶4} Mr. Butler filed a "Motion to Proceed Indigent" in which he asked for a waiver of the prepayment of the filing fees. The motion states that it includes an affidavit that sets forth the balance of his inmate account for the preceding six months, as certified by the institutional cashier. Mr. Butler filed a combined statement of the balance of his account, certified by the institutional cashier, and affidavit of indigency. He also filed a "Financial Certificate," certified by the institutional cashier, that showed the balance of his inmate account for six consecutive months. Neither statement complies with the requirements of R.C. 2969.25(C).

{¶5} The statements do not reflect the balance of the inmate account for each of the preceding six months, as required by R.C. 2969.25(C)(1). The statement of Mr. Butler's inmate account covered the months from January through June 2023. But Mr. Butler filed his complaint in September 2023. To comply with the requirements of the statute, the statement must have covered the six-month period from March through August.

{¶6} The Supreme Court has held that the failure to provide a statement that covers the six-month period immediately prior to the filing of the action does not comply with R.C. 2969.25(C)(1). *Russell v. Duffey*, 142 Ohio St.3d 320, 2015-Ohio-1358, ¶ 12. This Court has also

dismissed an action because the statement of the inmate account did not cover the six-month period immediately prior to the filing of the action. *State ex rel. Al-Zerjawi v. Ross*, 9th Dist. Summit No. 29640, 2020-Ohio-255, ¶ 4, citing *Russell*.

{**¶7**} "'R.C. 2969.25(C) does not permit substantial compliance[;]'" it requires strict adherence by the filing inmate. *Id*. at ¶ 8, citing *State ex rel. Neil v. French*, 153 Ohio St.3d 271, 2018-Ohio-2692, ¶ 7. Therefore, Mr. Butler's "Motion to Proceed Indigent," and the supporting affidavit and statement of inmate account, do not comply with the mandatory requirements of R.C. 2969.25(C)(1).

{**¶8**} Because Mr. Butler did not comply with the mandatory requirements of R.C. 2969.25, this case is dismissed. Costs are taxed to Mr. Butler. The clerk of courts is hereby directed to serve upon all parties not in default notice of this judgment and its date of entry upon the journal. Civ.R. 58.

JENNIFER L. HENSAL
FOR THE COURT

CARR, J.
FLAGG LANZINGER, J.
CONCUR.

APPEARANCES:

PETER J. BUTLER, Pro se, Petitioner.