JOURNAL ENTRY AND OPINION
{¶ 1} Stephen Hines has filed a timely application for reopening pursuant to App.R. 26(B). Hines is attempting to reopen the appellate judgment that was issued by this court in State v. Hines, Cuyahoga App. No. 83485, 2004-Ohio-5206, which affirmed his conviction for the offenses of trafficking in drugs with a schoolyard specification, possession of drugs, and possession of criminal tools. For the following reasons, we decline to reopen Hines' appeal.
 {¶ 2} Initially, we find that the doctrine of res judicata prevents the reopening of Hines' appeal. Errors of law that were either previously raised or could have been raised through an appeal may be barred from further review based upon the operation of res judicata. See, generally,State v. Perry (1967), 10 Ohio St.2d 175, 226 N.E.2d 104. The Supreme Court of Ohio has also established that a claim of ineffective assistance of appellate counsel may be barred by the doctrine of res judicata unless circumstances render the application of the doctrine unjust. State v.Murnahan (1992), 63 Ohio St.3d 60, 584 N.E.2d 1204.
 {¶ 3} Hines did file an appeal, with the assistance of counsel different than trial counsel and appellate counsel, with the Supreme Court of Ohio and either raised or could have raised the constitutional issue of ineffective assistance of appellate counsel. The Supreme Court of Ohio, however, dismissed Hines' appeal on March 2, 2005. Since the issue of ineffective assistance of appellate counsel was raised or could have been raised on appeal to the Supreme Court of Ohio, res judicata now bars any further litigation of the claim. State v. Dehler,73 Ohio St.3d 307, 1995-Ohio-320, 652 N.E.2d 987; State v. Terrell,72 Ohio St.3d 247, 1995-Ohio-54, 648 N.E.2d 1353; State v. Smith (Jan. 29, 1996), Cuyahoga App. No. 68643, unreported, reopening disallowed (June 14, 1996), Motion No. 71793.
 {¶ 4} Notwithstanding the relevance of the doctrine of res judicata, a substantive review of Hines' brief in support of his application for reopening fails to establish the claim of ineffective assistance of appellate counsel. It is well settled that appellate counsel is not required to raise and argue assignments of error that are meritless.Jones v. Barnes (1983), 463 U.S. 745, 77 L.Ed.2d 987, 103 S.Ct. 3308. Appellate counsel cannot be considered ineffective for failing to raise every conceivable assignment of error on appeal. Id; State v. Grimm
(1995), 73 Ohio St.3d 413, 653 N.E.2d 253; State v. Campbell (1994),69 Ohio St.3d 38, 630 N.E.2d 339. Also, Hines must establish the prejudice which resulted from the claimed deficient performance of appellate counsel. Finally, Hines must demonstrate that but for the deficient performance of appellate counsel, the result of his appeal would have been different. State v. Reed (1996), 74 Ohio St.3d 534,660 N.E.2d 456. Therefore, in order for this court to grant an application for reopening, Hines must establish that "there is a genuine issue as to whether the applicant was deprived of the assistance of counsel on appeal." App.R. 26(B)(5).
In State v. Reed (1996), 74 Ohio St.3d 534, 535, 660 N.E.2d 456, 458, we held that the two prong analysis found in Strickland v. Washington
(1984), 466 U.S. 668, 104 S.Ct 2052, 80 L.Ed.2d 674, is the appropriate standard to assess a defense request for reopening under App.R. 26(B)(5). [Applicant] must prove that his counsel were deficient for failing to raise the issue he now presents, as well as showing that had he presented those claims on appeal, there was a "reasonable probability" that he would have been successful. Thus, [applicant] bears the burden of establishing that there was a "genuine issue" as to whether he was a "colorable claim" of ineffective assistance of counsel on appeal.
State v. Spivey (1998), 84 Ohio St.3d 24, 701 N.E.2d 696, at 25.
 {¶ 5} Herein, Hines raises three specific claims of ineffective assistance of trial counsel which he claims should have been raised upon appeal: (1) trial counsel failed to conduct discovery prior to trial; (2) trial counsel failed to object to the testimony of Detective Mendolera with regard to cell phone records; and (3) trial counsel failed to request an independent analysis and weighing of the drugs seized by the police.
 {¶ 6} Consideration of the three claims of ineffective assistance appellate counsel upon appeal would not have resulted in a reversal of Hines' conviction for the offenses of trafficking in drugs with a school yard specification, possession of drugs, and possession of criminal tools. A review of docket in State v. Hines, Cuyahoga County Court of Common Pleas case No. CR-436655 demonstrates that trial counsel filed multiple pretrial motions which included a motion to suppress, a motion in limine, and a motion to copy and examine all scientific reports and supporting data. Clearly, trial counsel did conduct discovery prior to trial. In addition, Hines has failed to establish how he was prejudiced vis-a-vis the testimony of Detective Mendolera with regard to a cell phone record. Finally, trial counsel did request and obtain a copy of all scientific reports and data vis-a-vis the seized drugs. More importantly, State's Exhibit 3, which also contained the sworn affidavit of Kenneth Kevin Ross, an employee of the Laboratory division of the Ohio Bureau of Criminal Identification and Investigation, established that the drugs seized by the police were "handled in accordance with established and accepted procedures while in the custody of the this laboratory". Absent any evidence to the contrary, this court can only assume that counsel was satisfied with the results of the drug testing and was not required to request additional testing. Cf. Strickland v. Washington,
supra.
 {¶ 7} Accordingly, we decline to reopen Hines' appeal and deny his application for reopening.
Sweeney, P.J., concurs.
 Calabrese, J., concurs.