JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} Defendant-appellant, Stephen Hines, appeals the trial court's decision denying his petition for postconviction relief. Finding no merit to the appeal, we affirm.
 {¶ 2} In August 2003, a jury convicted appellant on charges of drug trafficking, possession of drugs, and possession of criminal tools. During trial, the state presented the testimony of one of the co-defendants, Anthony Mason a.k.a. Kamaric Salmon ("Mason"), who testified against appellant in exchange for a lesser sentence. Appellant timely appealed his conviction in September 2003, raising nine assignments of error for review. Three of appellant's assignments focused on his assertion that the prosecutor improperly vouched for Mason, thereby bolstering his credibility. This court overruled all nine of appellant's assignments and affirmed his conviction. See State v.Hines, Cuyahoga App. No. 83485, 2004-Ohio-5206, discretionary appeal not allowed, 105 Ohio St.3d 1452, 2005-Ohio-763, application to reopen denied, 2005-Ohio-3129, discretionary appeal not allowed,106 Ohio St.3d 1537, 2005-Ohio-5146.
 {¶ 3} On March 5, 2004, appellant filed a petition for postconviction relief pursuant to R.C. 2953.21 and requested a hearing on the matter. Appellant's petition claimed that his conviction was based entirely upon Mason falsely implicating him in the drug activity. Appellant claimed that the state knew Mason was lying when it put him on the stand. The petition alleged that appellant was *Page 4 
denied his constitutional rights in that: (1) Mason was permitted to testify falsely; (2) the state led Mason to give false testimony; and (3) the trial court erred in permitting Mason's testimony.
 {¶ 4} As support for these claims, appellant filed an affidavit from Mason with his petition, in which Mason completely recanted his statements to the police and his testimony at trial. Mason's affidavit states that the police coerced his false testimony with threats against him and his sister. It further states that the police and the prosecutor knew he was lying and that both the police and the prosecutor knowingly coached him in his false testimony.
 {¶ 5} Appellant filed a motion for summary judgment on April 7, 2004, an amendment to his petition on May 19, 2004, and a supplement on July 2, 2006. The state filed a motion for summary judgment on June 25, 2004 and followed with proposed findings of fact and conclusions of law on October 22, 2004. Appellant filed his opposition to the state's motion on September 22, 2004 and, on November 19, 2004, filed his objections to the state's proposed findings of fact and conclusions of law. On January 3, 2007, appellant filed a motion for judgment on the pleadings.
 {¶ 6} On April 10, 2007, the trial court issued its findings of fact and conclusions of law, granting summary judgment for the state and dismissing appellant's petition without hearing. This appeal followed in which appellant raises three assignments of error for review. *Page 5 
 {¶ 7} "I. Defendant was denied due process of law when the court made a credibility determination when that court is not the same court that tried the case."
 {¶ 8} "A postconviction proceeding is not an appeal of a criminal conviction, but, rather, a collateral civil attack on the judgment."State v. Steffen (1994), 70 Ohio St.3d 399, 410, 1994-Ohio-11. In postconviction cases, a trial court acts as a gatekeeper, determining whether a defendant will even receive a hearing. State v. Gondor,112 Ohio St.3d 377, 2006-Ohio-6679. In State v. Calhoun, 86 Ohio St.3d 279,1999-Ohio-102, the Ohio Supreme Court held that the trial court's gatekeeping function in the postconviction relief process is entitled to deference, including the court's decision regarding the sufficiency of the facts set forth by the petitioner and the credibility of the affidavits submitted. Accordingly, we review appellant's postconviction claims brought pursuant to R.C. 2953.21 under an abuse-of-discretion standard. Id. An abuse of discretion is more than a mere error in judgment, it implies that a court's ruling is unreasonable, arbitrary, or unconscionable. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 9} In its findings of fact and conclusions of law, the trial court found that Mason's affidavit was not credible. Appellant argues that the judge was in no position to assess Mason's credibility because he had no independent knowledge of Mason and did not preside over the trial. At the time appellant's petition for postconviction relief was decided, the judge who had presided over the trial had *Page 6 
been appointed to the Federal District Court and was no longer available to hear the petition. Appellant argues that the new judge was in no position to assess the credibility of Mason's affidavit having no knowledge of Mason and not having been present at trial to view his testimony. Appellant further argues that he presented sufficient evidence to entitle him to a hearing. We disagree.
 {¶ 10} "The trial court may, under appropriate circumstances in postconviction relief proceedings, deem affidavit testimony to lack credibility without first observing or examining the affiant. That conclusion is supported by common sense, the interests of eliminating delay and unnecessary expense, and furthering the expeditious administration of justice." Calhoun, 86 Ohio St.3d at 284.
 {¶ 11} The trial court's entry states that it reviewed the petition, the briefs and memoranda of the parties, the evidentiary materials filed, the files, records, and transcripts in the case prior to making its determination. There was sufficient information before the court for it to make an assessment of Mason's credibility without examining him. The trial court based its conclusion that Mason's affidavit lacked credibility upon it finding that there was nothing in the record to corroborate the bare assertions in Mason's affidavit that alleged a conspiracy between the police, the prosecutor, the court, and his own attorney.
 {¶ 12} Our review of the record finds the evidence supports the trial court's finding. The evidence in the record demonstrates that Mason was not truthful. He admitted at trial to lying under oath about his age in connection with this case in an *Page 7 
attempt to have his case decided in juvenile court. The jury was cautioned to weigh Mason's trial testimony with grave caution and great care. The same caution must be applied to Mason's sworn affidavit testimony. The trial court did not abuse its discretion in finding that without corroboration, Mason's affidavit lacked credibility.
 {¶ 13} Pursuant to R.C. 2953.21(C), a trial court properly denies a defendant's petition for postconviction relief without holding an evidentiary hearing where the petition, the supporting affidavits, the documentary evidence, the files, and the records do not demonstrate that petitioner set forth sufficient operative facts to establish substantive grounds for relief. Calhoun, 86 Ohio St.3d at 290. Appellant's petition was based upon Mason's affidavit. Having found the affidavit lacked credibility, the trial court did not err in dismissing the petition without hearing.
 {¶ 14} Appellant's first assignment of error is overruled.
 {¶ 15} "II. Defendant was denied due process of law when the trial court failed to grant post-conviction relief where defendant's conviction was based on perjured testimony."
 {¶ 16} This court and other jurisdictions have cautioned that recanted testimony is ordinarily unreliable and should be subjected to the utmost scrutiny. State v. Nash, Cuyahoga App. No. 87635, 2006-Ohio-5925. "Recantations of prior testimony are to be examined with utmost suspicion. Recantation by a significant witness does not, as a matter of law, entitle a defendant to a new trial. This *Page 8 
determination is left to the sound discretion of the trial court."State v. Gray, Cuyahoga App. No. 82841, 2003-Ohio-6643, _10.
 {¶ 17} Appellant relies upon Mason's affidavit in which he recants his prior trial testimony and states that he alone committed the drug offenses and that appellant had no involvement in Mason's crimes. Mason's statements, however, are in conflict with the other evidence presented at trial. In appellant's direct appeal of his conviction we found that "the record contains other evidence of defendant's involvement in the crimes charged beyond Mason's testimony; i.e., the police surveillance of defendant and his vehicle to and from the hotel and 5541 Grasmere, cell phone records, and his presence during the execution of the search warrant on the premises."
 {¶ 18} Appellant asserts that Mason's credibility was at issue in the trial. He argues that the prosecutor improperly vouched for Mason and bolstered his credibility with the jury. This issue was raised and rejected on direct appeal and is not subject to reconsideration here. "Matters which have been or should have been raised on direct appeal may not be considered in postconviction proceedings." State v. Ledger
(1984), 17 Ohio App.3d 94, 96.
 {¶ 19} Finally, appellant argues that the jury could not properly assess Mason's credibility because the jury did not have before it the information that Mason was an admitted perjurer. He bases this argument on the fact that Mason's *Page 9 
guilty plea and conviction in his perjury case occurred in November 2003, after appellant's conviction. However, Mason's perjury conviction was premised on his having lied to the court while under oath about his age on July 22, 2003. During appellant's trial, Mason was questioned about this and admitted to lying under oath to the court about his age. So, while the jury in appellant's case could not know that Mason was a convicted perjurer, it did know that he was an admitted perjurer. This fact was brought to the jury's attention many times by appellant's counsel, counsel for the two co-defendants, the prosecutor, and the court.
 {¶ 20} Appellant's second assignment or error is overruled.
 {¶ 21} "III. Defendant was denied due process of law where he was not awarded a new trial where he presented evidence of his actual innocence."
 {¶ 22} Appellant asserts that he submitted evidentiary materials which cast doubt on the verdict of the jury and therefore the trial court should have awarded him a new trial. He claims that this evidence demonstrates that he is an innocent person.
 {¶ 23} The only evidence relied upon by appellant to prove his innocence is the recantation affidavit of Mason, a co-defendant in appellant's drug case. The trial court did not have to accept the affidavit as true, but could weigh its credibility. See Calhoun andGray, supra. As discussed in the preceding assignments, the trial court did not err in finding Mason's affidavit lacked credibility. *Page 10 
 {¶ 24} Additionally, "[a] claim of actual innocence is not itself a constitutional claim, nor does it constitute a substantive ground for postconviction relief." State v. Williams, Cuyahoga App. No. 85180,2005-Ohio-3023, citing State v. Watson (1998), 126 Ohio App.3d 316. Therefore, we find that the trial court did not err in dismissing the petition without a hearing because appellant's "actual innocence" claim fails to raise "a denial or infringement of rights under the Ohio Constitution or the Constitution of the United States" as required by R.C. 2953.21.
 {¶ 25} Appellant's third assignment of error is overruled and the judgment of the trial court affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution. A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 PATRICIA ANN BLACKMON, P.J., and ANN DYKE, J., CONCUR *Page 1