[Cite as *State v. Hines*, 2011-Ohio-2393.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 95319**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## STEPHEN HINES

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-436655

**BEFORE:** S. Gallagher, J., Celebrezze, P.J., and Jones, J.

**RELEASED AND JOURNALIZED:** May 19, 2011

**ATTORNEY FOR APPELLANT**

Russell S. Bensing
1350 Standard Building
1370 Ontario Street
Cleveland, OH 44113

**ATTORNEYS FOR APPELLEE**

William D. Mason
Cuyahoga County Prosecutor

BY:   Kristen L. Sobieski
Assistant Prosecuting Attorney
The Justice Center, 8th Floor
1200 Ontario Street
Cleveland, OH   44113

SEAN C. GALLAGHER, J.:

{¶ 1}  Appellant Stephen Hines filed this appeal after he was resentenced in the trial court.   For the reasons stated herein, we affirm.

{¶ 2}  In April 2003, Hines was indicted on charges of drug trafficking (R.C. 2925.03) with a schoolyard specification, possession of drugs (R.C. 2925.11), and possessing criminal tools (R.C. 2923.24).   The drug trafficking and possession of drug charges involved the controlled substance of marijuana, a schedule I drug, in an amount equal to or exceeding 20 kilograms.

**{¶ 3}** In August 2003, Hines was convicted and sentenced on the above charges. He was sentenced to a prison term of ten years for drug trafficking, eight years for possession of drugs, and six months for possessing criminal tools, with all terms to run concurrently. This court affirmed his conviction in *State v. Hines*, Cuyahoga App. No. 83485, 2004-Ohio-5206, appeal not allowed, 105 Ohio St.3d 1452, 2005-Ohio-763, 823 N.E.2d 1452; we denied his application to reopen in *State v. Hines*, Cuyahoga App. No. 83485, 2005-Ohio-3129, appeal not allowed, 106 Ohio St.3d 1537, 2005-Ohio-5146, 835 N.E.2d 384; and we denied his petition for postconviction relief in *State v. Hines*, Cuyahoga App. No. 89848, 2008-Ohio-1927, appeal not allowed, 119 Ohio St.3d 1503, 2008-Ohio-5467, 895 N.E.2d 566.

**{¶ 4}** In February 2010, Hines filed with the trial court a motion to vacate his sentence, claiming that postrelease control had not been properly imposed at his sentencing. The state concurred and filed a motion for resentencing. The trial court held a de novo sentencing hearing in accordance with the decisions of the Supreme Court binding at the time of the resentencing. See *State v. Singleton*, 124 Ohio St.3d 173, 2009-Ohio-6434, 920 N.E.2d 958, paragraph one of the syllabus.[1]

---

[1] We note the Ohio Supreme Court recently held that the new sentencing hearing to which an offender is entitled for failure to properly impose postrelease control is "limited to proper imposition of postrelease control." *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332.

**{¶ 5}** On May 19, 2010, the trial court vacated Hines's earlier sentence, merged the drug trafficking and drug possession counts, imposed the same sentence as originally imposed on the drug trafficking and possession of criminal tools counts, and imposed postrelease control. Hines filed this appeal, raising six assignments of error, all pertaining to his conviction.

**{¶ 6}** Under his first assignment of error, Hines claims that the trial court erred by entering a conviction of drug trafficking as a first degree felony when the verdict forms supported only a conviction of the lowest degree of that offense. Although phrased as a conviction challenge, we shall consider this assignment of error because it relates to the sentence imposed. See *State v. Riggenbach*, Richland App. No. 09CA121, 2010-Ohio-3392, ¶ 25, affirmed 128 Ohio St.3d 338, 2010-Ohio-6336, 944 N.E.2d 221.

**{¶ 7}** Hines was charged with drug trafficking in violation of R.C. 2925.03, with an attendant schoolyard specification. The indictment alleged that Hines "did knowingly prepare for shipment, ship, transport, deliver, prepare for distribution or distribute a controlled substance, to wit: marijuana, a schedule I drug, in an amount equal to or exceeding twenty kilograms, knowing or having reasonable cause to believe such drug was intended for sale or resale by the offender or another."

**{¶ 8}** Ohio law provides that "[a] guilty verdict shall state either the degree of the offense of which the offender is found guilty, or that such

additional element or elements are present.  Otherwise, a guilty verdict constitutes a finding of guilty of the least degree of the offense charged." R.C. 2945.75(A)(2).  The Ohio Supreme Court has held that "a verdict form signed by a jury must include either the degree of the offense of which the defendant is convicted or a statement that an aggravating element has been found to justify convicting a defendant of a greater degree of a criminal offense."  *State v. Pelfrey,* 112 Ohio St.3d 422, 2007-Ohio-256, 860 N.E.2d 735.

{¶ 9} In *Pelfrey*, the defendant was charged by indictment with tampering with records, in violation of R.C. 2913.42, which requires an enhanced charge of third-degree felony when the defendant's tampering involves government records.  A jury found Pelfrey guilty, and he was sentenced on the third-degree felony conviction.  Id.  at ¶ 4.  However, neither the verdict form nor the trial court's verdict entry mentioned the degree of the offense or the aggravating element that government records were involved.  Id. at ¶ 13.  Because the verdict did not comply with the statutory requirements of R.C. 2945.75, the Ohio Supreme Court found Pelfrey could be convicted only of a misdemeanor offense, which is the least degree of the offense of tampering with records under R.C. 2913.42(B).  Id.

{¶ 10} Unlike *Pelfrey*, this case is not a case where the verdict form contains no mention of the degree of the offense or the aggravating elements.

Here, there are separate verdict forms pertaining to each count. The verdict form on Count 1, for drug trafficking, contains three pages consisting of the verdict on the charge, a further finding as to the amount of the controlled substance in Count 1, and a schoolyard specification. The further finding states as follows: "We, the Jury in this case, find that the Defendant, Stephen Hines, is guilty of Possession of Drugs, and we further find that the amount of the controlled substance in Count One, to wit: Marijuana, a Schedule I Drug, was in an amount equal to or exceeding twenty kilograms." The schoolyard specification states as follows: "We further find and specify that the Defendant, Stephen Hines, did commit the offense on school premises in a school building, or within 1000 feet of the boundaries of a school premises as charged in Count One of the Indictment."

{¶ 11} Hines argues that the further finding on the drug trafficking charge referenced the "possession of drugs" charge and failed to inform the jury of the amount of drugs for the "trafficking" offense. We are unpersuaded by this argument. Although there is an inconsistency in the reference to the possession charge, it is readily apparent that the further finding states the amount of drugs involved with the trafficking charge. The further finding was included with the Count 1 verdict form for drug

trafficking and referenced "the amount of the controlled substance in count one[,]" which is the trafficking offense.[2]

{¶ 12} We acknowledge that the trial court could have taken better care to ensure the proper offenses were referenced in the respective jury forms. However, we cannot say that the verdict form failed to reference the aggravating element for the trafficking offense. When read as a whole, the verdict form included the trafficking offense on which Hines was found guilty, the amount of the controlled substance relative to that offense, and a schoolyard specification. Because the verdict comported with Ohio law, we find that the trial court properly sentenced Hines for a first degree felony offense. His first assignment of error is overruled.

{¶ 13} The remaining assignments of error pertain to Hines's conviction for the schoolyard specification and the applicable mens rea; the trial court's denial of a motion to suppress based on lack of standing; the trial court's restriction of defendant's cross-examination of the state's key witness; and alleged prosecutorial misconduct. We find the issues raised in the remaining assignments of error are barred by law of the case and res judicata. See *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, ¶ 40;

---

[2] We note that the trafficking charge was a prepare-for-shipment charge, and consistent with the indictment, the amount of drugs relative to both the trafficking and possession offenses were the same.

*Hubbard ex rel. Creed v. Sauline* (1996), 74 Ohio St.3d 402, 404-405, 659 N.E.2d 781; *Nolan v. Nolan* (1984), 11 Ohio St.3d 1, 3, 462 N.E.2d 410.

Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

SEAN C. GALLAGHER, JUDGE

FRANK D. CELEBREZZE, JR., P.J., and
LARRY A. JONES, J., CONCUR