[Cite as *State v. Jones*, 2014-Ohio-3064.]

COURT OF APPEALS
ASHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. W. Scott Gwin, P.J. |
| Plaintiff-Appellee | : | Hon. Sheila G. Farmer, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | |
| ELMER JONES, III | : | Case No. 14-COA-002 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:          Appeal from the Court of Common
                                  Pleas, Case No. 12-CRI-045


JUDGMENT:                         Affirmed


DATE OF JUDGMENT:                 July 11, 2014


APPEARANCES:

For Plaintiff-Appellee                    For Defendant-Appellant

PAUL T. LANGE                             MELISSA M. PRENDERGAST
110 Cottage Street                        250 East Broad Street
Third Floor                               Suite 1400
Ashland, OH  44805                        Columbus, OH  43215

*Farmer, J.*

{¶1}   On April 27, 2012, the Ashland County Grand Jury indicted appellant, Elmer Jones, III, on three counts of rape in violation of R.C. 2907.02 and one count of gross sexual imposition in violation of R.C. 2907.05.  Said charges arose from incidents involving a twelve year old child.

{¶2}   On May 23, 2012, defense counsel filed a motion for a psychological evaluation to determine appellant's mental capacity.  A hearing was held on June 26, 2012.  During the course of the hearing, defense counsel modified the motion and requested a competency evaluation.  By judgment entry filed June 27, 2012, the trial court ordered a competency evaluation to determine appellant's competency to stand trial.

{¶3}   On June 17, 2012, a pretrial was held wherein the trial court reviewed appellant's competency evaluation.  By judgment entry filed same date, the trial court found appellant competent to stand trial and assist in his defense.

{¶4}   On July 20, 2012, appellant filed a motion to suppress, claiming an unlawful arrest, his right to counsel was violated, and any confessions were not voluntarily made.  A hearing was held on August 9, 2012.  By judgment entry filed September 9, 2012, the trial court denied the motion, finding the first two interviews of appellant (March 28, and April 24, 2012) did not constitute custodial interrogation requiring *Miranda* warnings, appellant was properly advised of his rights prior to the third interview on April 24, 2012 at the police department, appellant's statements to police were voluntary, and probable cause existed for the arrest.

{¶5}   A jury trial commenced on October 23, 2012.  The jury found appellant guilty as charged.  By judgment entry filed January 16, 2013, the trial court sentenced appellant to an aggregate term of thirty years to life in prison.  Appellant's conviction and sentence were affirmed on appeal.  *State v. Jones,* 5th Dist. Ashland No. 13 COA 012, 2014-Ohio-1716.

{¶6}   On November 27, 2013, appellant filed a petition for postconviction relief, claiming ineffective assistance of trial counsel for counsel's failure to pursue the issue of his intellectual disabilities.  By judgment entry filed December 18, 2013, the trial court denied the petition without hearing, finding no ineffective assistance of trial counsel or prejudice to appellant.

{¶7}   Appellant filed an appeal and this matter is now before this court for consideration.  Assignments of error are as follows:

I

{¶8}   "JOE JONES WAS DENIED HIS FEDERAL AND STATE CONSTITUTIONAL RIGHT TO THE EFFECTIVE ASSISTANCE OF COUNSEL DURING HIS TRIAL COURT PROCEEDINGS, AND THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT DENIED HIS PETITION FOR POSTCONVICTION RELIEF. SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND SECTION 10, ARTICLE I OF THE OHIO CONSTITUTION."

II

{¶9}   "JOE JONES'S TRIAL COUNSEL FAILED TO INVESTIGATE JOE'S INTELLECTUAL DISABILITY TO SUPPORT THE MOTION TO SUPPRESS COUNSEL FILED.  BECAUSE AMPLE EVIDENCE EXISTS TO SUPPORT THE ARGUMENT

THAT JOE IS UNABLE TO COMPREHEND THE IMPORT OF HIS WAIVER OF THE RIGHT AGAINST SELF-INCRIMINATION, TRIAL COUNSEL WAS INEFFECTIVE IN VIOLATION OF THE SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND SECTION 10, ARTICLE I OF THE OHIO CONSTITUTION."

I, II

{¶10} Appellant claims the trial court erred in denying his petition for postconviction relief based on ineffective assistance of trial counsel, as the evidence presented dehors the record was sufficient to establish that his trial counsel was ineffective for failing to investigate and present evidence of his mental capacity/intellectual disabilities.  We disagree.

{¶11} R.C. 2953.21 governs petitions for postconviction relief.  Subsection (C) states the following in pertinent part:

The court shall consider a petition that is timely filed under division (A)(2) of this section even if a direct appeal of the judgment is pending. Before granting a hearing on a petition filed under division (A) of this section, the court shall determine whether there are substantive grounds for relief.  In making such a determination, the court shall consider, in addition to the petition, the supporting affidavits, and the documentary evidence, all the files and records pertaining to the proceedings against the petitioner, including, but not limited to, the indictment, the court's

journal entries, the journalized records of the clerk of the court, and the court reporter's transcript.

{¶12} The standard of review on a denial of a postconviction relief petition is explained by our brethren from the Eighth District in *State v. Hines,* 8th Dist. Cuyahoga No. 89848, 2008-Ohio-1927, ¶ 8:

"A postconviction proceeding is not an appeal of a criminal conviction, but, rather, a collateral civil attack on the judgment." *State v. Steffen* (1994), 70 Ohio St.3d 399, 410, 1994-Ohio-11. In postconviction cases, a trial court acts as a gatekeeper, determining whether a defendant will even receive a hearing. *State v. Gondor,* 112 Ohio St.3d 377, 2006-Ohio-6679. In *State v. Calhoun,* 86 Ohio St.3d 279, 1999-Ohio-102, the Ohio Supreme Court held that the trial court's gatekeeping function in the postconviction relief process is entitled to deference, including the court's decision regarding the sufficiency of the facts set forth by the petitioner and the credibility of the affidavits submitted. Accordingly, we review appellant's postconviction claims brought pursuant to R.C. 2953.21 under an abuse-of-discretion standard. *Id.* An abuse of discretion is more than a mere error in judgment, it implies that a court's ruling is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219.

{¶13} The standard of ineffective assistance of trial counsel is set forth in *State v. Bradley,* 42 Ohio St.3d 136 (1989), paragraphs two and three of the syllabus. Appellant must establish the following:

2. Counsel's performance will not be deemed ineffective unless and until counsel's performance is proved to have fallen below an objective standard of reasonable representation and, in addition, prejudice arises from counsel's performance. (*State v. Lytle* [1976], 48 Ohio St.2d 391, 2 O.O.3d 495, 358 N.E.2d 623; *Strickland v. Washington* [1984], 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674, followed.)

3. To show that a defendant has been prejudiced by counsel's deficient performance, the defendant must prove that there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different.

{¶14} Appellant summarized his reasons for postconviction relief in his November 27, 2013 petition as follows in part:

2) Mr. Jones' convictions and sentences are void and/or voidable because he was denied the effective assistance of counsel at his trial to which he was entitled under the Sixth and Fourteenth Amendments to the United States Constitution. *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Mr. Jones' trial counsel failed to

employ a competent expert to refute the findings of the Forensic Diagnostic Center that his full-scale I.Q. of 61 was questionable. (See July 17, 2012 Judgment Entry; July 19, 2012 Judgment Entry; and Aug. 16, 2012 State's Closing Argument on Defendant's Motion to Suppress, at p. 3). Mr. Jones' trial counsel also failed to investigate his client's intellectual disability by seeking out appropriate documentary proof of that disability, including but not limited to medical records, educational records, and records of county, state, and federal agencies and boards who manage and administer government-provided disability benefits.

7) Competent defense counsel would have realized the critical importance of the FDC's finding and suggestion of Mr. Jones' malingering. To rebut that finding and support Mr. Jones' meritorious motion to suppress, defense counsel would have had to investigate Mr. Jones' medical, educational, employment, and psychological history. Counsel would have had to obtain releases from Mr. Jones and request records from the Social Security Administration, local and state developmental disability boards, physicians, and schools, among others. Counsel did **no** investigation to support Mr. Jones' claims. In fact, counsel even withdrew his motion for expert funds, which may have provided the critical evidence needed to rebut the FDC's adverse findings.

{¶15} Attached to the petition are the certified records from the Cuyahoga County Board of Developmental Disabilities, indicating the presence of a

"developmental handicap" (September 29, 1983), physical and mental impairments with substantial functional limitations in "receptive and expressive language," "self direction," and "economic self sufficiency," (January 11, 1995), and "mildly MR" (May 13, 1994). Appellant was born on February 14, 1969.

{¶16} In its December 18, 2013 judgment entry denying the petition for postconviction relief, the trial court addressed in detail the issues raised by appellant in its Findings of Fact:

3. Prior to trial, the Court referred the Defendant to the Forensic Diagnostic Center, Mansfield, Ohio for an assessment as to his competency to stand trial. Dr. Covey, who performed the assessment, rendered an opinion "with reasonable psychological certainty" that the Defendant "has the capacity to understand the nature and objectives of the proceedings against him and does currently have the capacity to assist in his defense."

4. Dr. Covey, during his assessment, administered a Weschler Adult Intelligence Scale IV, and although Dr. Covey determined that the Defendant had not made a good effort on the test, the results were considered in his assessment.

5. Dr. Covey, in his assessment, specifically found that the Defendant did not qualify for a diagnosis of mental retardation (cognitive disability). The only deficit of the Defendant was in adaptive functioning, an academic deficit.

6. While Defendant submits records that suggest he was intellectually disabled as a child, those records and findings do not, due to their age and the age of the Defendant at the time they were compiled, refute the findings of Dr. Covey in his assessment of the Defendant as an adult.

7. Defendant fails to establish how prior counsel's failure to make additional inquiries, in light of Dr. Covey's assessment, would have necessitated a second forensic assessment.

{¶17} Following its Conclusions of Law, the trial court decided the following:

In the present case, the Court finds that Defendant fails in his burden to demonstrate a lack of competent counsel, and fails to demonstrate that the defense was prejudiced by any asserted ineffectiveness. There is no indication, based on any of the information or documentation presented by Defendant, that Defendant's motion to suppress would have had any additional potential for success. The issue at the suppression hearing was whether Defendant's statements of admission were voluntary. There is no evidence in the record to suggest they were not. The Court cannot see how the retention of an additional expert by prior defense counsel would have changed the facts and circumstances leading to the admissions the Court determined were admissible.

Based on the foregoing, the Court finds no grounds for granting the Defendant's petition for relief. The Court therefore DENIES Defendant's Post-Conviction Petition.

{¶18} Some twenty-eight days after appellant's arraignment, on May 23, 2012, defense counsel filed a motion for psychological evaluation for the following reasons:

The Defendant and his family have brought to counsel's attention that Defendant suffers from mental incapacity and receives Social Security Disability benefits as a result. A suppression motion is contemplated in this case challenging the voluntariness of certain statements made by the Defendant prior to charges being filed. Mental incapacity is a significant factor in determining whether or not a suspect's statements were voluntary, *State of Ohio vs. Shawn Clemens,* 2001 Ohio 3212; Ohio App. LEXIS 1405. A psychological evaluation is necessary to determine this Defendant's ability to voluntarily waive his Miranda rights and to make a voluntary statement.

{¶19} A hearing on the motion was held on June 26, 2012 during which the following discussion was had:

MR. SULLIVAN: Your Honor, it's my understanding that by consent, by agreement with the State, that Mr. Jones can be evaluated for the

purpose of a competency evaluation by the Forensic Center, and in the event that leads the professional to diagnose mental retardation, that would be addressed as well in accordance with however they do it professionally, and we would be in agreement with that.

THE COURT: Mr. Lange?

MR. LANGE: Your Honor, just for the Record, again, the State is opposed to a general psychological evaluation, however, Mr. Sullivan has indicated with the Court and the State that the Defendant has been of limited value in assisting in the preparation of this case, and the State is therefore not opposed to a general competency evaluation. Just so everyone is aware, it's my understanding based on the statute 2945.371 that the Forensic Diagnostic Center will do the competency evaluation and they may give an opinion about whether or not the Defendant appears to be mentally retarded, if they find that he appears to be mentally retarded, it will come back to this Court and this Court will have to determine whether or not to send it to the Board of Developmental Disabled People for them to make a more thorough diagnosis of mental retardation.

{¶20} In its June 27, 2012 judgment entry following the hearing, the trial court memorialized the following:

Prior to the hearing the Court met briefly with the attorneys to discuss the matter before the Court. During the course of the hearing, the

Defendant modified his request and requested instead that the Court order a competency evaluation for the Defendant. The State of Ohio had no objection to the Court ordering a competency evaluation of the Defendant. By separate judgment entry, the Court does hereby ORDER that the Defendant be evaluated to determine his competency to stand trial.

{¶21} In the July 20, 2012 motion to suppress, defense counsel argued appellant's confession was involuntary because of his mental incapacity, coupled with the "constant and lengthy suggestive interrogation." In an August 27, 2012 filing entitled "Defendant's Closing Arguments on Motion to Suppress," defense counsel argued the following:

The claim in this case is not that the Defendant suffers from some "mental defect" as argued by the State. Rather, the Forensic Diagnostic Report, which was ordered by this Court, shows throughout that the Defendant is low functioning. This is true even if Dr. Covey's IQ test is not considered. Dr. Covey also reported a previous IQ score of 83 established when the Defendant was 6 years seven months old based upon the Stanford Binet Intelligence Test. This score "is known to fall at the thirteenth percentile." See Collateral Information, page 5. Dr. Covey was certainly entitled to consider the Defendant's history just as a physician/patient examination would require. Further, it was established by Dr. Covey that the Defendant is unable to read or write. The Court can

give Dr. Covey's report whatever weight it merits but it is evident that this Defendant did not have the ability to resist Officer Mager's constant insistence that the Defendant did something wrong. The State's assertion that the Defendant inquired about the Flinders case because the Defendant had committed similar offenses is simply not supported by the evidence. It was Officer Mager who initiated the conversation about Flinders and who inquired about what the Defendant knew or did not know about the case.

The Court has heard the entire recording of the three interviews. It is submitted that, under the totality of circumstances, Defendant's statements were not voluntary and should be suppressed.

{¶22} After a full hearing on the motion to suppress, the trial court determined it would consider Dr. Covey's competency report. August 9, 2012 T. at 77-78. In its September 5, 2012 judgment entry denying the motion to suppress, the trial court referenced its consideration of the report:

Defendant argues that his low IQ made him so susceptible to manipulation and improper influence, that his statements were rendered involuntary. The Court does not find that to be correct in this case. The Defendant freely discussed similar inappropriate sexual conduct by another adult, and clearly showed an understanding that such conduct was inappropriate and illegal. At no time during the interviews did

Defendant's mental faculties impair his ability to engage in rational conversation and thought. The report from the Forensic Diagnostic Center indicates that Defendant's only area of deficiency with regard to adaptive functioning, is academic. The Defendant does not qualify for a diagnosis of mental retardation. The Defendant's conversation showed a clear understanding of legal processes, both civil and criminal.

{¶23} The record establishes that defense counsel consistently argued and was aware of appellant's limitations. The fact that the trial court denied extra funds cannot support any deficiency on the part of defense counsel. The trial court's acknowledgment of the report, as well as the report's own references to previous testing, establishes that defense counsel was not deficient.[1]

{¶24} Despite this finding, we also concur with the trial court's analysis of the second prong of an ineffective assistance of trial counsel claim, no showing of prejudice to appellant. During the suppression hearing, Ashland Police Officer Kim Mager testified to the three aforementioned interviews of appellant. During the first interview on March 28, 2012, appellant was clearly in charge of the scope of the interview. He was in his place of residence, he terminated the interview, and he invited the officer to interview him at the Kroc Center. August 9, 2012 T. at 10-11, 18-19. During the second interview on April 24, 2014 at the Kroc Center, appellant agreed to talk in Officer Mager's unmarked and unlocked car. *Id.* at 21-24. Appellant acknowledged to the

---

[1]The record does not contain Dr. Covey's report. We therefore presume the validity of the proceedings and rely on the trial court's analysis of the report. *Knapp v. Edwards Laboratories,* 61 Ohio St.2d 197 (1980).

officer that he believed he was not going to be arrested, otherwise he reasoned, he would have been arrested inside the Kroc Center. *Id.* at 26. Again, appellant terminated the interview by stating he had to get back to work and exiting the car. *Id.* at 24, 31-32. Appellant was arrested at the Kroc Center later that day. *Id.* at 37. Appellant was taken to the police department and was given his *Miranda* warnings, and spoke to Officer Mager for forty minutes. *Id.* at 38, 47. Appellant was not new to the system, as had served some previous time in jail on a drug arrest. *Id.* at 40-41. During the interviews, appellant appeared coherent and stated he was comfortable. *Id.* at 41. Appellant told the officer his source of income was odd jobs and SSI. *Id.* at 68.

{¶25} The presentation of the previous testing would have added nothing to the trial court's decision on the voluntariness of appellant's statements. Two of the interviews were recorded; therefore, the trial court had the ability to judge appellant's demeanor and ability to respond to the questions. *Id.* at 34, 38, 52-53, 71.

{¶26} Given the testimony presented during the suppression hearing, we concur that any deficiency would not have impacted the trial court's decision on voluntariness.

{¶27} Assignments of Error I and II are denied.

{¶28} The judgment of the Court of Common Pleas of Ashland County, Ohio is hereby affirmed.

By Farmer, J.

Gwin, P.J. and

Baldwin, J. concur.

SGF/sg 6/18