[Cite as *State v. Cole*, 2021-Ohio-2445.]

# COURT OF APPEALS OF OHIO

# EIGHTH APPELLATE DISTRICT
# COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | No. 110076 |
| v. | : | |
| GEORGE ALLEN COLE, | : | |
| Defendant-Appellant. | : | |

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** July 15, 2021

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case Nos. CR-14-588878-B, CR-14-589681-A, and CR-14-590944-B

## *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Katherine Mullin and Gregory J. Ochocki, Assistant Prosecuting Attorneys, *for appellee.*

Patituce & Associates, L.L.C., and Joseph Patituce, *for appellant.*

SEAN C. GALLAGHER, J.:

**{¶ 1}** George Allen Cole ("Cole") appeals the trial court's denial of his petition for postconviction relief. We affirm.

**{¶ 2}** This is not Cole's first foray into the appellate world. In *State v. Cole*, 8th Dist. Cuyahoga Nos. 103187, 103188, 103189, and 103190, 2016-Ohio-2936, Cole's convictions for six burglaries between July and August 2014 were affirmed. *Id.* The trial court imposed an aggregate term of imprisonment of 23 years. Cole's codefendants, his girlfriend Danielle Panagopoulos and his brother John Cole ("John"), were also indicted and convicted as co-conspirators, and Panagopoulos testified at Cole's trial based on a plea agreement she reached with the state. *Id.* at ¶ 2, 22. After the direct appeal, Cole's timely motion for postconviction relief was denied without a hearing. In *State v. Cole*, 8th Dist. Cuyahoga No. 106930, 2019-Ohio-3089, the panel remanded the matter to the trial court over confusion with affidavits Cole intended to file in support of the petition for postconviction relief. *Id.* Cole inadvertently attached the affidavits to his motion for appointment of counsel, which was summarily denied given the civil nature of the proceeding. The panel concluded that the trial court had not reviewed the two affidavits in rendering its conclusion that Cole failed to support his motion with evidence. *Id.* at ¶ 25. The matter was remanded for the purpose of permitting the trial court to review the affidavits that had been buried in Cole's postconviction filings. *Id.*

**{¶ 3}** Those affidavits were from the codefendants. John asserted that Cole lacked knowledge of the stolen credit card that Cole personally used at a convenience

store and that Panagopoulos was the driver of the vehicle related to the allegations in one of the six cases under which Cole was indicted. John also claimed that had he been called to testify at Cole's trial, he would have presented this information. John alleged that he told Cole's attorney of this desire to testify "countless" times. Panagopoulos, Cole's significant other, claimed that she perjured herself at Cole's trial in exchange for a plea deal she entered for her part in the burglaries. She claims the state pressured her through a plea offer in exchange for her testimony incriminating Cole in the string of burglaries. After considering the affidavits on remand, the trial court noted that the affidavits were from Cole's codefendants, who shared familial or romantic relationships with Cole. The trial court found little credibility in the affidavits and again denied the petition without conducting an evidentiary hearing.

{¶ 4} A petition for postconviction relief is of statutory creation. "The postconviction relief process is a civil collateral attack on a criminal judgment, in which the petitioner may present constitutional issues to the court that would otherwise be impossible to review because the evidence supporting the issues is not contained in the record of the petitioner's criminal conviction." *State v. Curry*, 8th Dist. Cuyahoga No. 108088, 2019-Ohio-5338, ¶ 12, citing *State v. Calhoun*, 86 Ohio St.3d 279, 281, 714 N.E.2d 905 (1999), and *State v. Carter*, 10th Dist. Franklin No. 13AP-4, 2013-Ohio-4058, ¶ 15. "[C]ourts are not required to hold a hearing in every postconviction case." (Citations omitted.) *State ex rel. Madsen v. Jones*, 106 Ohio St.3d 178, 2005-Ohio-4381, 833 N.E.2d 291, ¶ 10. Before granting a hearing on a

petition for postconviction relief, "the court shall determine whether there are substantive grounds for relief." R.C. 2953.21(D). "In making such a determination, the court shall consider, in addition to the petition, the supporting affidavits, and the documentary evidence, all the files and records pertaining to the proceedings against the petitioner * * *." *Id.*

{¶ 5} A trial court's ruling on a petition for postconviction relief is reviewed for an abuse of discretion. *Curry* at ¶ 15, citing *State v. Gondor*, 112 Ohio St.3d 377, 2006-Ohio-6679, 860 N.E.2d 77, ¶ 45. "The trial court does not abuse its discretion in dismissing a petition without a hearing if (1) the petitioner fails to set out sufficient operative facts to establish substantive grounds for relief, or (2) the operation of res judicata prohibits the claims made in the petition." *Id.*, citing *State v. Abdussatar*, 8th Dist. Cuyahoga No. 92439, 2009-Ohio-5232, ¶ 15. Further, "a trial court acts as a gatekeeper, determining whether a defendant will even receive a hearing." *State v. Hines*, 8th Dist. Cuyahoga No. 89848, 2008-Ohio-1927, ¶ 8, citing *Gondor*. Through the trial court's gatekeeping function in the postconviction proceedings, the trial court "is entitled to deference, including the court's decision regarding the sufficiency of the facts set forth by the petitioner and the credibility of the affidavits submitted." *Id.*, citing *Calhoun*.

{¶ 6} In this appeal, Cole claims that the trial court abused its discretion in denying his petitions after declaring his codefendants' affidavits to lack credibility. On this point, Cole claims that the trial court erred in denying his petition without hearing because the Ohio Supreme Court in *Calhoun*, a decision that permits the

trial court to review the credibility of interested affiants without a hearing, did not have the benefit of the legislative amendments to R.C. 2953.21 that occurred in 2017. Those amendments permit expanded discovery during the postconviction process. According to Cole, the 2017 amendments supersede *Calhoun's* conclusion that the trial court must perform the gatekeeping function in considering affidavits from persons interested in the defendant's future.

{¶ 7} In S.B. 139, effective April 6, 2017, the legislature indeed added several subdivisions to R.C. 2953.21 involving expanded discovery proceedings for offenders sentenced to death. *See* R.C. 2953.21(A)(1)(d)-(j). Although the legislature expanded the opportunity for discovery during the postconviction process, that expanded discovery expressly applies to offenders sentenced to death. As a result, the amended discovery procedures did not impact the conclusion reached in *Calhoun,* 86 Ohio St.3d 279, 714 N.E.2d 905. *Calhoun* controls.

{¶ 8} "[A] trial court should give due deference to affidavits sworn to under oath and filed in support of the petition, but [it] may, in the sound exercise of discretion, judge the credibility of the affidavits in determining whether to accept the affidavits as true statements of fact" in determining whether a hearing is necessary. *Id.* at paragraph one of syllabus. In determining the credibility of supporting affidavits in postconviction relief proceedings, *Calhoun* instructed that the reviewing court should consider

> (1) whether the judge reviewing the postconviction relief petition also presided at the trial, (2) whether multiple affidavits contain nearly identical language, or otherwise appear to have been drafted by the

same person, (3) whether the affidavits contain or rely on hearsay, (4) whether the affiants are relatives of the petitioner, or otherwise interested in the success of the petitioner's efforts, and (5) whether the affidavits contradict evidence proffered by the defense at trial.

*Id.* at 285. In this case, the above factors support the trial court's credibility determinations or, as it may be, the trial court's conclusion that the affidavits were incredible.

**{¶ 9}** In this case, the trial judge presided over Cole's trial and the affidavits were from a relative or one interested in the success of Cole's efforts. The affidavits from the codefendants uniformly sought to downplay Cole's role in the burglaries. Panagopoulos's affidavit expressly contradicted her trial evidence. Panagopoulos claimed that her trial testimony was coerced based on the state's plea offer, a credibility issue that was extensively vetted during cross-examination at Cole's trial.[1] Courts have "repeatedly acknowledged the unreliability of recanting witnesses stating that 'newly discovered evidence which purportedly recants testimony given at trial is looked upon with the utmost suspicion.'" *State v. Corbin*, 8th Dist. Cuyahoga No. 73647, 1999 Ohio App. LEXIS 6386, 9 (Dec. 30, 1999); quoting *State v. Brooks*, 8th Dist. Cuyahoga No. 65088, 1994 Ohio App. LEXIS 910 (Mar. 10, 1994), and *State v. Germany*, 8th Dist. Cuyahoga No. 63568, 1993 Ohio App. LEXIS 4687 (Sept. 30, 1993). Nothing in Panagopoulos's affidavit presents any compelling

---

[1] Cole filed a written motion for acquittal under Crim.R. 29 in which he thoroughly discussed Panagopoulos's credibility issues considering her plea agreement. At that time, Cole argued that Panagopoulos had no information tying Cole to the crimes and only provided the incriminating information to avoid her own legal troubles.

reason to overcome the inherent skepticism through which the recanted testimony is viewed.

{¶ 10} John's affidavit, because he is not only a codefendant but also Cole's brother, is similarly questionable and inherently unreliable. Courts generally note "the highly questionable nature of affidavits from family members." *State v. Caldwell*, 8th Dist. Cuyahoga No. 73748, 1998 Ohio App. LEXIS 4220 (Sept. 10, 1998). Further, Cole only set out information pertaining to two of the six burglaries, and that information was expressly contradicted with independent witness or demonstrative evidence at trial.

{¶ 11} On that latter point, the trial evidence against Cole was extensive. As for the stolen credit card that John questions, police identified surveillance video of two men using the stolen credit card at a gas station. The store clerk testified at Cole's trial and identified "Cole, whom she happened to be related to, as the man who used the stolen credit card." *Cole*, 8th Dist. Cuyahoga Nos. 103187, 103188, 103189, and 103190, 2016-Ohio-2936, at ¶ 8. Cole had used the stolen credit card to purchase items at the station, discrediting any claims by John that Cole knew nothing about the stolen credit card. *Id.*

{¶ 12} In another burglary, Cole was identified by the victim through surveillance video from another nearby gas station. *Id.* at ¶ 10. In that video, Cole can be seen as one of two men, one of whom walked up to the victim's driveway, and Cole can be seen parking the vehicle on the victim's street. *Id.* at ¶ 11. In a third burglary, the state presented text messages between John and Cole describing the

pawning of the stolen item, and in yet another criminal episode, Cole drove Panagopoulos and John to the pawn shop to sell stolen items that were connected to an earlier burglary. *Id.* at ¶ 19, 21. Although the trial testimony was far more extensive, the above identifications directly implicating Cole are not addressed in Cole's petition for postconviction relief despite the fact that the victims and independent evidence identify Cole as a perpetrator of the crimes.

**{¶ 13}** Considering the totality of the evidence presented at trial, we cannot conclude that the trial court abused its discretion in finding the affiants to be incredible without a hearing. Cole has demonstrated no error. The sole assignment of error presented for our review is overruled.

**{¶ 14}** The decision of the trial court is affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
SEAN C. GALLAGHER, JUDGE

MARY J. BOYLE, A.J., and
EMANUELLA D. GROVES, J., CONCUR